267 N.J. Super. 578 (1993)
632 A.2d 528
LEON O. SILVAN, PLAINTIFF-APPELLANT,
v.
RITA M. SYLVAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 21, 1993.
Decided October 6, 1993.
*580 Before Judges MICHELS, KESTIN and WEFING.
Skoloff & Wolfe, attorneys for the plaintiff-appellant (Francis W. Donahue, of counsel, Mr. Donahue and Beatrice Kandell, on the brief and the reply brief).
Sunshine, Atkins, Minassian & Tafuri, attorneys for defendant-respondent.
The opinion of the Court was delivered by WEFING, J.S.C. (temporarily assigned).
Plaintiff-husband appeals from an order of the trial court which denied his post-judgment motion to modify his alimony obligations following his retirement. The parties were married for twenty-seven years and were divorced in 1981. They negotiated a property settlement, the terms of which were incorporated in the judgment of divorce and provided for alimony of $10,400 annually. In 1988, that alimony was ordered increased by the court to $15,600. The reasons for that court-ordered increase do not appear in the record before us.
Plaintiff-husband retired at age sixty-three and one-half years and he sought to reduce his alimony obligations at that time. A reduction was denied by the trial court, and affirmed on appeal. By the time of affirmance, however, plaintiff-husband had reached age sixty-five and he renewed his motion, which was again unsuccessful. This further appeal resulted.
Plaintiff-husband argues here, as he did below, that he is financially unable to continue with alimony payments at the same level due to his change in income; if ordered to do so, he contends, he would be required to consume his principal. Defendant-wife, however, argues that she requires the alimony to continue to meet her obligations.
Although it seems clear that plaintiff-husband's financial situation is far better than that of his former wife, the reasons for that are not entirely obvious. According to the materials presented in *581 this matter, plaintiff-husband received assets totalling $139,505.60 and defendant-wife received assets valued at $133,881.70 in the equitable distribution which was accomplished in conjunction with their divorce. She now receives an income, through pension and social security, of $18,000 per year. That is in addition to the alimony of $15,600. Plaintiff-husband asserts that his income consists of $900 per month in social security benefits and approximately $900 per month in investment income.
We are satisfied that in certain circumstances, good faith retirement at age sixty-five may constitute changed circumstances for purposes of modification of alimony and that a hearing should be held to determine whether a reduction in alimony is called for.
There are a variety of factors which should be considered in analyzing whether such changed circumstances do, in fact, exist as would justify a modification of alimony. A court may consider, for instance, the age gap between the parties; whether at the time of the initial alimony award any attention was given by the parties to the possibility of future retirement; whether the particular retirement was mandatory or voluntary; whether the particular retirement occurred earlier than might have been anticipated at the time alimony was awarded; and the financial impact of that retirement upon the respective financial positions of the parties. It should also assess the motivation which led to the decision to retire, i.e., was it reasonable under all the circumstances or motivated primarily by a desire to reduce the alimony of a former spouse. A court may also wish to consider the degree of control retained by the parties over the disbursement of their retirement income, e.g., the ability to defer receipt of some or all. It may also wish to consider whether either spouse has transferred assets to others, thus reducing the amount available to meet their financial needs and obligations.
This enumeration of factors is meant to be illustrative, not exhaustive. We note, for instance, that both parties to this appeal contend they are in ill health. An individual whose retirement *582 was medically mandated even before age sixty-five may well stand on a different footing than one who voluntarily retired.
The court below did not consider factors such as those we have mentioned; rather, it concluded, with an insufficient record, that plaintiffs retirement was foreseeable when the parties divorced in 1981. We are satisfied that that does not end the inquiry.
We do not hold that one who voluntarily retires is automatically entitled to a reduction in alimony. Shaughnessy v. Shaughnessy, 164 Ariz. 449, 793 P.2d 1116 (Ct.App. 1990). Rather, we conclude only that a party who retires in good faith at age sixty-five is entitled to a hearing on whether there is such a resultant change in circumstances that alimony obligations should be modified. Other jurisdictions have reached a similar conclusion. See, e.g., Pimm v. Pimm, 601 So.2d 534 (Fla. 1992); Smith v. Smith, 419 A.2d 1035 (Me. 1980); McFadden v. McFadden, 386 Pa.Super. 506, 563 A.2d 180 (1989). We thus reverse and remand the matter for further consideration. We do not retain jurisdiction.
Reversed.