NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3931-14T3

NANCY E. LANDERS,

    Plaintiff-Appellant,

v.

PATRICK J. LANDERS,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

February 22, 2016

APPELLATE DIVISION

Argued January 11, 2016 – Decided February 22, 2016

Before Judges Lihotz, Fasciale and Higbee.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-5949-91.

Allison H. Lamson argued the cause for appellant (Adinolfi and Lieberman, P.A., attorneys; Ms. Lamson, on the brief).

Charles A. Fiore argued the cause for respondent (Law Offices of Charles A. Fiore, attorneys; Mr. Fiore, on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

In this matter, we clarify the application of the newly enacted alimony statute amendments, addressing modification of alimony when an obligor retires. N.J.S.A. 2A:34-23(j). Plaintiff Nancy E. Landers appeals from a March 27, 2015 Family

Part order terminating the alimony obligation of defendant Patrick J. Landers as a result of his retirement. Plaintiff argues the motion judge incorrectly applied N.J.S.A. 2A:34-23(j)(1), which is limited to awards entered after the effective date of the amended statute, rather than subsection (j)(3), which governs review of final alimony awards established prior to the effective date of the statutory amendments. We agree and conclude the order must be vacated and the matter remanded for further review.

The facts are not disputed. A final judgment of divorce (FJOD) was filed on June 24, 1991, ending the parties' twenty-two year marriage. In addition to dissolving the marriage, the FJOD addressed the collateral issues arising upon divorce that were resolved by consent of the parties.

Among the provisions in the FJOD, defendant was ordered to pay a declining amount of unallocated support for plaintiff and the unemancipated children.[1] As of December 1, 2001, defendant's obligation was $1000 per month.[2] Defendant paid as ordered and accumulated no arrearages. Post-judgment litigation was minimal

---

[1] The FJOD does not include information regarding the parties' income or lifestyle. Nor does it explain the methodology underpinning the support calculations.

[2] The FJOD provided: "Alimony shall automatically terminate upon the death of either party, or the remarriage of plaintiff." No reference is made to defendant's retirement.

and there is no evidence either party filed to enforce litigant's rights.

Following defendant's sixty-sixth birthday, he moved to terminate his alimony obligation, which lasted for twenty-four years. Defendant explained his income consisted of social security retirement (SSR) benefits and the pension he received as part of the equitable distribution of marital assets at the time of divorce.[3] Defendant asserted plaintiff remained employed and was collecting social security retirement, qualifying as his former spouse.

Defendant outlined his medical conditions, which directly impacted his decision to retire, including surgery, described as one of a series of procedures to preserve his ability to walk after suffering a foot and leg injury. Additionally, he is a cancer survivor and takes medication for chronic conditions. Defendant attached documentation supporting his income prior to retirement, his retirement receipts, and monthly expenses

---

[3] Plaintiff's certification acknowledges defendant's pension solely was earned during a prior period of employment, which terminated before entry of the FJOD. We conclude no portion of this asset may be considered when reviewing alimony. N.J.S.A. 2A:34-23(b) ("When a share of a retirement benefit is treated as an asset for purposes of equitable distribution, the court shall not consider income generated thereafter by that share for purposes of determining alimony.").

incurred for himself and his current spouse that were set forth in a Family Part case information statement (CIS).

Plaintiff responded and filed a cross-motion, seeking continuation of alimony and maintenance of a life insurance policy, insuring defendant's life for her benefit. She detailed her chronic medical conditions, attached documentation, and identified her ongoing surgery needs to address these conditions. Plaintiff's monthly income consisted of her derivative share of SSR as defendant's former spouse and a social security disability (SSD) award, effective May 1, 2009.[4] She attached 1099s from 2014, recording earnings of approximately $2500 as a consultant, a partially completed CIS, a 2009 residential lease agreement with her son, and proof of a car payment. Plaintiff acknowledged she realized $113,000 from the sale of the former marital home, awarded to her under the terms of the FJOD, but explained her subsequent realty purchase using the funds resulted in a loss.

Plaintiff urged the need for alimony remained and argued the award was not modifiable, citing the legislative statement accompanying recent statutory amendments and suggesting the

---

[4]    The SSD award was issued on August 22, 2012. Plaintiff also should have received a lump sum payment for the period representing the date of disability, May 1, 2009, to the date of the award, August 22, 2012. This document was not included in the record.

4                                                    A-3931-14T3

provisions do not affect the terms of a FJOD entered prior to September 10, 2014, the effective date of the amendments.

The Family Part judge issued a tentative disposition after reviewing the written submissions. See R. 5:5-4(e) (describing tentative disposition procedure). He considered oral arguments advanced by the parties and issued an order accompanied by a written memorandum. The judge rejected plaintiff's argument suggesting modification was precluded and analyzed defendant's request by applying the rebuttable statutory presumption and factors outlined in N.J.S.A. 2A:34-23(j)(1). Concluding plaintiff failed to overcome the presumption that alimony terminates when an obligor attains full retirement age, the judge noted plaintiff did not supply her income tax returns, listed no assets on her CIS, and did not address her ability to save for retirement during the twenty-four years following the divorce.

The order memorializing the decision granted defendant's motion and denied plaintiff's cross-motion. Plaintiff moved to stay the order, which was also denied, as was her request for emergent relief filed with this court.

In our review of a Family Part judge's motion order, we defer to factual findings "supported by adequate, substantial, credible evidence" in the record. Gnall v. Gnall, 222 N.J. 414,

428 (2015). Reversal is warranted when we conclude a mistake must have been made because the trial court's factual findings are "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice. . . ." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div.), certif. denied, 40 N.J. 221 (1963)). However, when reviewing legal conclusions, our obligation is different; "[t]o the extent that the trial court's decision constitutes a legal determination, we review it de novo." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013).

On appeal, plaintiff argues the judge improperly followed the statutory provisions of N.J.S.A. 2A:34-23(j)(1), which incorrectly placed the burden of proof on her, rather than defendant, and also omitted the necessary analysis of important applicable factors. This statutory interpretation question is a legal issue subject to our plenary review. Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013).

The award of "[a]limony in New Jersey is primarily governed by statute." Gayet v. Gayet, 92 N.J. 149, 150 (1983); see also N.J.S.A. 2A:34-23(b). Similarly, the authority of the Family

Part to modify an existing alimony order is expressed in the preamble to N.J.S.A. 2A:34-23, which provides in pertinent part:

> [A]fter judgment of divorce . . . the court may make such order as to the alimony or maintenance of the parties, . . . as the circumstances of the parties and the nature of the case shall render fit, reasonable and just . . . . Orders so made may be revised and altered by the court from time to time as circumstances may require.

Prior to recent amendments, which became effective on September 10, 2014, "[o]ur courts have interpreted this statute to require a party who seeks modification to prove 'changed circumstances[.]'" Spangenberg v. Kolakowski, 442 N.J. Super. 529, 536 (App. Div. 2015) (alteration in original) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)). More specifically, the party moving for modification "must demonstrate that changed circumstances have substantially impaired the ability to support himself or herself." Lepis, supra, 83 N.J. at 157.

An income reduction resulting from a "good faith retirement" after age sixty-five is a well-recognized change of circumstances event, prompting a detailed review of the financial situation facing the parties to evaluate the impact retirement has on a preexisting alimony award. Silvan v. Sylvan, 267 N.J. Super. 578, 581 (App. Div. 1993) (identifying factors to be considered in analyzing whether retirement

justifies alimony modification); see also Deegan v. Deegan, 254 N.J. Super. 350, 357-58 (App. Div. 1992).

The 2014 amendments added a new subsection (j), which lists objective considerations a judge must examine and weigh when reviewing an obligor's request to modify or terminate alimony when an obligor retires. L. 2014, c. 42, § 1. The newly enacted provisions state, in pertinent part:

> Alimony may be modified or terminated upon the prospective or actual retirement of the obligor.
>
> (1) There shall be a rebuttable presumption that alimony shall terminate upon the obligor spouse or partner attaining full retirement age, except that any arrearages that have accrued prior to the termination date shall not be vacated or annulled. The court may set a different alimony termination date for good cause shown based on specific written findings of fact and conclusions of law.
>
> The rebuttable presumption may be overcome if, upon consideration of the following factors and for good cause shown, the court determines that alimony should continue:
>
>> (a) The ages of the parties at the time of the application for retirement;
>>
>> (b) The ages of the parties at the time of the marriage or civil union and their ages at the time of entry of the alimony award;
>>
>> (c) The degree and duration of the economic dependency of the

A-3931-14T3

recipient upon the payor during the marriage or civil union;

(d) Whether the recipient has foregone or relinquished or otherwise sacrificed claims, rights or property in exchange for a more substantial or longer alimony award;

(e) The duration or amount of alimony already paid;

(f) The health of the parties at the time of the retirement application;

(g) Assets of the parties at the time of the retirement application;

(h) Whether the recipient has reached full retirement age as defined in this section;

(i) Sources of income, both earned and unearned, of the parties;

(j) The ability of the recipient to have saved adequately for retirement; and

(k) Any other factors that the court may deem relevant.

. . . .

(3) When a retirement application is filed in cases in which there is an existing final alimony order or enforceable written agreement established prior to the effective date of this act, the obligor's reaching full retirement age as defined in this section shall be deemed a good faith retirement age. Upon application by the

9

obligor to modify or terminate alimony, both the obligor's application to the court for modification or termination of alimony and the obligee's response to the application shall be accompanied by current Case Information Statements or other relevant documents as required by the Rules of Court, as well as the Case Information Statements or other documents from the date of entry of the original alimony award and from the date of any subsequent modification. In making its determination, the court shall consider the ability of the obligee to have saved adequately for retirement as well as the following factors in order to determine whether the obligor, by a preponderance of the evidence, has demonstrated that modification or termination of alimony is appropriate:

    (a) The age and health of the parties at the time of the application;

    (b) The obligor's field of employment and the generally accepted age of retirement for those in that field;

    (c) The age when the obligor becomes eligible for retirement at the obligor's place of employment, including mandatory retirement dates or the dates upon which continued employment would no longer increase retirement benefits;

    (d) The obligor's motives in retiring, including any pressures to retire applied by the obligor's employer or incentive plans offered by the obligor's employer;

    (e) The reasonable expectations of the parties regarding

A-3931-14T3

retirement during the marriage or civil union and at the time of the divorce or dissolution;

(f) The ability of the obligor to maintain support payments following retirement, including whether the obligor will continue to be employed part-time or work reduced hours;

(g) The obligee's level of financial independence and the financial impact of the obligor's retirement upon the obligee; and

(h) Any other relevant factors affecting the parties' respective financial positions.

[N.J.S.A. 2A:34-23(j)(1), (3).]

Subsection (j)(2), which we omitted from our discussion, addresses the circumstances when an obligor "seeks to retire prior to attaining the full retirement age as defined in" the statute. N.J.S.A. 2A:34-23(j)(2). "Full retirement age" means "the age at which a person is eligible to receive full retirement for full retirement benefits under section [4]16 of the federal Social Security Act (42 U.S.C.[A.] § 416)."[5] N.J.S.A. 2A:34-23. A person is eligible to receive full retirement benefits when he or she is sixty-six years old,

---

[5]     There appears to be a typographical error in the statute, mistakenly referencing section "216," which we have corrected in our opinion. We are confident this is a mistake because 42 U.S.C.A. § 216 addresses prescriptions by the President and promulgations by the Surgeon General.

"after December 31, 2004, and before January 1, 2017 . . . . ."

42 U.S.C.A. § 416(ℓ)(1)(C).

We recently reviewed the legislative history accompanying the 2014 amendments to the alimony statute, which states:

> This act shall take effect immediately and shall not be construed either to modify the duration of alimony ordered or agreed upon or other specifically bargained for contractual provisions that have been incorporated into:
>
> a.  a final judgment of divorce or dissolution;
>
> b.  a final order that has concluded post-judgment litigation; or
>
> c.  any enforceable written agreement between the parties.
>
> [L. 2014, c. 42, § 2.]

"This additional statement signals the legislative recognition of the need to uphold prior agreements executed or final orders filed before adoption of the statutory amendments." Spangenberg, supra, 442 N.J. Super. at 538.

Unlike other amended provisions of N.J.S.A. 2A:34-23, subsection (j) distinguishes alimony orders executed prior to the amendment's effective date and those executed afterwards. See N.J.S.A. 2A:34-23(j)(1), (3). Therefore, this unambiguous legislative directive governs a court's examination of alimony

modification requests arising when an obligor retires, depending on the original date alimony is awarded.

Subsection (j)(3) applies "[w]hen a retirement application is filed in cases in which <u>there is an existing final alimony order</u> or enforceable written agreement <u>established prior to the effective date of this act</u> . . . . " <u>N.J.S.A.</u> 2A:34-23(j)(3) (emphasis added). This purposeful design demonstrates an intent to address such circumstances somewhat differently than orders entered following the enactment of the statutory amendments.

Notably, the rebuttable presumption included in subsection (j)(1), which places the burden on the obligee to demonstrate continuation of the alimony award once an obligor attains full retirement age, <u>N.J.S.A.</u> 2A:34-23(j)(1), is not repeated, but replaced by a different standard in subsection (j)(3). The latter provision follows the prior principles outlined in <u>Lepis</u> and its progeny, by mandating "the court shall consider the ability of the obligee to have saved adequately for retirement as well as the following factors in order to determine <u>whether the obligor, by a preponderance of the evidence, has demonstrated that modification or termination of alimony is appropriate</u> . . . ." <u>N.J.S.A.</u> 2A:34-23(j)(3) (emphasis added).

Importantly, subsection (j)(3) elevates the ability of the obligee to have saved adequately for retirement, listed only as

a factor under N.J.S.A. 2A:34-23(j)(1)(j), setting it apart from other considerations and requiring its explicit analysis. N.J.S.A. 2A:34-23(j)(3). Also, factors identified in the two subsections are not identical, making the court's focus different. For example, most apt to plaintiff's arguments are subsections (j)(3)(f) and (g), mandating an examination of the obligor's ability to maintain payments upon retirement, and "[t]he obligee's level of financial independence."[6]

We understand that subsection (j)(1), if read in isolation, appears to apply to any motion to modify or terminate alimony upon an obligor's retirement. However, when construing these two subsections "together as a unitary and harmonious whole," Am. Fire & Cas. Co. v. N.J. Div. of Taxation, 189 N.J. 65, 80 (2006) (quoting St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 15 (2005)), the particular language used in subsection (j)(3) clarifies the Legislature's intent to apply (j)(1) only to orders entered after the amendments' effective date.

We cannot ignore defendant's retirement application in this matter sought to modify an "alimony order . . . established prior to the effective date of th[e] act," triggering review pursuant to the factors listed in N.J.S.A. 2A:34-23(j)(3).

---

[6] Several factors listed in subsection (j)(3) are found in Silvan, supra, 267 N.J. Super. at 581, and Deegan, supra, 254 N.J. Super. at 357.

Consequently, the judge's mistaken reliance on subsection (j)(1) cannot be upheld. Courts must abide the Legislature's clear direction. See In re Kollman, 210 N.J. 557, 568 (2012) ("If the plain language is clear, the court's task is complete."); N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 441 N.J. Super. 70, 112 (App. Div.), leave to appeal granted, No. M-00444 (Dec. 8, 2015) (stating every word in a statute must be read as if deliberate).

Accordingly, we vacate the March 27, 2015 order and remand to the Family Part judge to conduct proceedings as he deems necessary and to apply the burden of proof and specific standards defined in N.J.S.A. 2A:34-23(j)(3).[7]

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] Plaintiff's argument that a remand requires reassignment is rejected. R. 2:11-3(e)(1)(E).