RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5323-15T2

B.C.,

 Plaintiff-Appellant,

v.

V.C.,

 Defendant-Respondent.
______________________________

 Submitted May 23, 2017 – Decided June 23, 2017

 Before Judges Leone and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Burlington County, Docket Nos. FV-03-1788-16
 and FV-03-1789-16.

 Legal Services of New Jersey, attorneys for
 appellant (Melville D. Miller, Jr., Monica C.
 Gural, Mary M. McManus-Smith, and Jeyanthi
 Rajaraman, on the brief).

 Salvatore D. DePinto, attorney for respondent.

PER CURIAM
 In these consolidated appeals, plaintiff B.C. appeals family

court orders dismissing complaints she filed on behalf of her two

minor children seeking final restraining orders against their

father, defendant V.C., pursuant to the Sexual Assault Survivor

Protection Act of 2015 (SASPA), N.J.S.A. 2C:14-13 to -23. The

court found N.J.S.A. 14:14-16 unconstitutional as applied to

defendant because it permitted entry of an order barring his

contact with his children based upon proof of the underlying

allegations by a preponderance of the evidence. We conclude it was

unnecessary for the court to decide the constitutional issue

because SASPA did not retroactively apply to the allegations in

the complaints and, therefore, the complaints should have been

dismissed on that basis.

 I.

 Plaintiff and defendant are the biological parents of

daughters, I.C., born in 2010, and O.C., born in 2012. In 2015,

the New Jersey Division of Child Protection and Permanency (the

Division) filed a Title Nine proceeding against plaintiff and

defendant.1 On January 29, 2016, the court entered orders in the

Title Nine proceeding continuing the care and supervision of the

children with the Division, legal custody of the children with

1
 The record on appeal does not include the Title Nine complaint.

 2 A-5323-15T2
plaintiff and defendant, and physical custody with plaintiff. The

order suspended defendant's parenting time until further court

order. In a separate order entered on January 29, 2016, defendant

admitted he was part of a family in need of services based on the

children's statements to authorities.

 On April 26, 2016, following a compliance review, the court

entered an order in the Title Nine proceeding continuing the

previous custody order, but permitting defendant to have weekly

supervised visitation with the children.

 Two weeks later, on May 11, 2016, plaintiff filed separate

complaints on behalf of each child seeking entry of restraining

orders against defendant pursuant to SASPA. The complaints alleged

defendant sexually assaulted each child from "2013 through March

2015." Based on the allegations in the complaints, and fourteen

months after the end of defendant's alleged conduct, the court

entered a May 11, 2016 SASPA temporary restraining order that in

pertinent part barred defendant from any contact with his children.

 In the proceedings on plaintiff's requests for final

restraining orders under N.J.S.A. 2C:14-16, the court dismissed

the SASPA complaints, finding the statute was unconstitutional as

applied to defendant. N.J.S.A. 2C:14-16 provides that "the

standard for proving the allegations made in the application for

a protective order shall be a preponderance of the evidence." In

 3 A-5323-15T2
a thoughtful and comprehensive oral opinion, the court reasoned

that because a final restraining order against defendant would bar

him from having any contact with his children, the preponderance

of the evidence standard in N.J.S.A. 2C:14-16 was constitutionally

insufficient to protect defendant's due process liberty interest

in having a parental relationship with his children. The court

concluded that the issuance of a SASPA restraining order barring

contact between a parent and child requires proof by clearing and

convincing evidence and therefore N.J.S.A. 2C:14-16 was

unconstitutional as applied to the SASPA claims against defendant.

 On June 20, 2016, the court entered an order dismissing the

SASPA complaints.2 The order also suspended the April 20, 2016

award of supervised parenting time to defendant in the Title Nine

proceeding pending further order of the court. Plaintiff appealed

the court's June 20, 2016 order dismissing the SASPA complaints.

 II.

 "In our review of a Family Part judge's motion order, we

defer to factual findings 'supported by adequate, substantial,

credible evidence' in the record." Landers v. Landers, 444 N.J.

Super. 315, 319 (App. Div. 2016) (quoting Gnall v. Gnall, 222 N.J.

414, 428 (2015)). We accord special deference to the expertise of

2
 The court also issued a June 22, 2016 order correcting a clerical
error in the third paragraph of the June 20, 2016 order.

 4 A-5323-15T2
the Family Part in its application of legal principles to family

disputes. Cesare v. Cesare, 154 N.J. 394, 412 (1998). "However,

when reviewing legal conclusions, our obligation is different;

'[t]o the extent that the trial court's decision constitutes a

legal determination, we review it de novo.'" Landers, supra, 444

N.J. Super. at 319 (alteration in original) (quoting D'Agostino

v. Maldonado, 216 N.J. 168, 182 (2013)).

 On appeal, plaintiff does not challenge the court's

conclusion that a minor child's allegations supporting a final

SASPA restraining order against a parent requires application of

a clear and convincing standard. Plaintiff argues the court erred

by reasoning that the issuance of a SASPA restraining order is

tantamount to a termination of parental rights and thus Title

Thirty's clear and convincing standard is required. Plaintiff

instead argues that, independent of Title Thirty, the clear and

convincing standard is required for the issuance of a SASPA final

restraining order because our Supreme Court has held that a denial

of parenting time is permitted "where it clearly and convincingly

appears that the granting of visitation will cause physical or

emotional harm to the children or where it is demonstrated that

the parent is unfit." V.C. v. M.J.B., 163 N.J. 200, 229 (2000).

 Plaintiff also contends that the court's determination the

clear and convincing standard is required should not have resulted

 5 A-5323-15T2
in the dismissal of the complaints. Plaintiff argues the court

should have held a hearing and applied the standard, and requests

that we vacate the court's order and remand for further

proceedings. Defendant asserts that the court correctly decided

the standard of proof issue and that dismissal of the complaints

was required.

 We are mindful that we should not decide issues of

constitutional magnitude unless required for the proper

disposition of a matter. O'Keefe v. Passaic Valley Water Comm'n,

132 N.J. 234, 240 (1993). Here, we have carefully considered the

record and the parties' arguments and find it unnecessary to decide

the constitutional issue upon which the trial court based its

dismissal order. Instead, we are constrained to affirm the

dismissal of the complaints on more basic grounds; plaintiff's

children are not entitled to SASPA relief because the statute was

not in effect when the alleged conduct took place and SASPA does

not apply retroactively.

 SASPA permits any person who is the victim of "nonconsensual

sexual contact, sexual penetration, or lewdness, or any attempt

at such conduct, and who is not eligible for a restraining order

as a 'victim of domestic violence'" under the Prevention of

Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -33, to obtain

a restraining order against a perpetrator. N.J.S.A. 2C:14-14. Upon

 6 A-5323-15T2
the filing of a complaint seeking SASPA relief, the court may

issue a temporary restraining order against the defendant

prohibiting any contact with the alleged victim, N.J.S.A. 2C:14-

15(e), and, after a hearing, issue a final restraining order

barring any contact, N.J.S.A. 2C:14-16(f). A final restraining

order remains in effect until further order of the court, and

either party may petition the court to modify or dissolve the

final order. N.J.S.A. 2C:14-16(i). Where a law enforcement officer

finds probable cause that a SASPA restraining order has been

violated, the defendant may be arrested, N.J.S.A. 2C:14-17, and

prosecuted pursuant to N.J.S.A. 2C:29-9(d) for either a fourth-

degree criminal offense or disorderly persons offense, N.J.S.A.

2C:14-18, depending on the nature of the violations.

 SASPA was enacted in 2015, L. 2015 c. 147 § 1, and became

effective on May 9, 2016, two days before plaintiff filed the

complaints here. The complaints, however, did not allege that

defendant engaged in any sexual assault on or after May 9, 2016.

In contrast, the complaints alleged defendant last sexually

assaulted the children in March 2015, fourteen months prior to

SASPA's enactment. We are thus compelled to consider whether SASPA

can be used to impose a restraining order on defendant based on

alleged conduct by defendant that predates the SASPA's effective

 7 A-5323-15T2
date and indeed the enactment of SASPA. We find that SASPA does

not permit such retroactive application.

 "Generally, newly enacted laws are applied prospectively."

Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 387 (2016). "A

venerable principle of statutory construction posits that

'statutes should not be given retrospective application unless

such an intention is manifested by the Legislature in clear

terms.'" D.C. v. F.R., 286 N.J. Super. 589, 602-03 (App. Div.

1996) (quoting Skulski v. Nolan, 68 N.J. 179, 202 (1975)); see

also Gibbons v. Gibbons, 86 N.J. 515, 521-24 (1981). The approach

is founded on "long-held notions of fairness and due process," but

"is no more than a rule of statutory interpretation meant to 'aid

the court in the search for legislative intent.'" Johnson, supra,

226 N.J. at 387 (citations omitted).

 Our Supreme Court has explained the standard for determining

whether a statute should be applied retroactively:

 "[t]wo questions inhere in the determination
 whether a court should apply a statute
 retroactively." "The first question is whether
 the Legislature intended to give the statute
 retroactive application." "If so, the second
 question is whether retroactive application is
 an unconstitutional interference with 'vested
 rights' or will result in a 'manifest
 injustice.'" Both questions must be satisfied
 for a statute to be applied retroactively.

 [Ibid. at 387 (alteration in original)
 (citations omitted).]

 8 A-5323-15T2
 In the analysis of the first question, "legislative intent

for retroactivity can be demonstrated: '(1) when the Legislature

expresses its intent that the law apply retroactively, either

expressly or implicitly; (2) when an amendment is curative; or (3)

when the expectations of the parties so warrant.'" Ibid. (citations

omitted). Only one of these grounds must be shown in order for a

statute to be given retroactive effect. Ibid.

 Measured against these principles, we are convinced there is

no basis to apply SASPA retroactively. To the contrary, the

Legislature provided that SASPA would not take "take effect [until]

the 180th day following enactment." L. 2015, c. 147, § 11. We

discern no basis to conclude the Legislature expressed an intention

to apply the law retroactively. The statute does not expressly

direct retroactive application, a fair reading of the statute

offers no basis to infer that retroactive application was intended,

and there is nothing in the statute suggesting "retroactive

application may be necessary to make the statute workable or to

give it the most sensible interpretation." Gibbons, supra, 86 N.J.

at 522; see Johnson, supra, 226 N.J. at 388; D.C., supra, 286 N.J.

Super. at 604.

 Nor is SASPA curative. A curative statute "'merely . . .

carr[ies] out or explain[s] the intent of the original statute[,]'

in that its purpose is 'to remedy a perceived imperfection in or

 9 A-5323-15T2
misapplication of a statute . . . ." Johnson, supra, 226 N.J. at

388 (fourth alteration in original) (quoting Nelson v. Bd. of

Educ., 148 N.J. 358, 370 (1997)). "A curative statute may clarify,

but may not change, the meaning of existing law." Ibid. SASPA is

a newly enacted legislative protection for persons not covered by

the PDVA that does not carry out or explain an existing law. SASPA

provides invaluable substantive rights to victims of various forms

of sexual assault, but does not qualify as a curative statute for

purposes of discerning a legislative intent to make it retroactive.

See D.C., supra, 286 N.J. Super. at 607 (finding statute was not

curative where it "create[d] a new category of protected

individuals with substantive and procedural rights that did not

previously exist").

 Because there is no clear expression of legislative intent

that SASPA was to be applied retroactively, we consider whether

"the expectations of the parties may warrant retroactive

application" of the statute. Johnson, supra, 226 N.J. at 388

(quoting Gibbons, supra, 86 N.J. at 523). This factor requires a

consideration of the controlling law at the time the statute was

enacted and "the parties' reasonable expectations as to the law."

Ibid. Any expectation of the parties must be "strongly apparent

to the parties in order to override the lack of any explicit or

 10 A-5323-15T2
implicit expression of intent for retroactive application." Ibid.

(citation omitted).

 We find no basis to conclude that the controlling law or the

parties' reasonable expectations based upon it warrant

retroactive application of SASPA. Prior to SASPA's enactment, the

law was clear; the criminal laws prohibited acts of sexual assault

but the PDVA did not afford unemancipated minors under eighteen

who were victims of parental sexual assault a statutory right to

obtain a restraining order. SASPA provided the statutory right for

the first time. See D.C., supra, 286 N.J. Super. at 607 (finding

the expectations of the parties did not warrant retroactive

application of an amendment to the PDVA to cover individuals dating

relationships because the prohibited conduct under the PDVA also

violated the criminal laws).3

3
 We note that the SASPA was subsequently amended to provide that
such relief should instead be sought through the Division:

 When it is alleged that nonconsensual sexual
 contact, sexual penetration, or lewdness, or
 any attempt at such conduct, has been
 committed against an unemancipated minor by a
 parent, guardian, or other person having care,
 custody and control of that child as defined
 in N.J.S. 9:6-2, an applicant seeking a
 protective order shall not proceed under the
 provisions of [SASPA], but shall report the
 incident to the Division of Child Protection
 and Permanency in the Department of Children
 and Families for investigation and possible

 11 A-5323-15T2
 A statute will not be applied retroactively unless one of the

three factors demonstrating retroactivity is present. Johnson,

supra, 226 N.J. at 387. Our examination of SASPA finds none here.

The statute could not properly be applied retroactively to provide

coverage and a remedy for alleged actions taken fourteen months

before its enactment. In our view, the complaints should have been

dismissed on that basis. There was no need to consider an as

applied constitutional challenge to the statute because it did not

retroactively apply to defendant's alleged actions in the first

instance.

 Affirmed as modified.

 legal action by the division pursuant to R.S.
 9:6-1 et seq. or other applicable law,
 including, when appropriate, petitioning the
 Superior Court pursuant to P.L. 1974, c. 119
 (C.9:6-8.21 et seq.) for a protective order
 and other relief on behalf of the applicant
 and the unemancipated minor.

 [L. 2016, c. 93, § 1, eff. Jan. 9, 2017.]

 12 A-5323-15T2