**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3799-15T1

ROBERT ISETTS,

    Plaintiff-Appellant,

v.

ANGELA ISETTS,

    Defendant-Respondent.

_____

Submitted September 25, 2017 — Decided October 20, 2017

Before Judges Whipple and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1027-08.

Robert Isetts, appellant pro se.

Angela Isetts, respondent pro se.

PER CURIAM

Plaintiff pro se appeals from a March 28, 2016 Family Division order denying his motion for modification of alimony, requiring him to pay back due alimony and make all future payments through probation, and requiring proof of life insurance. For the reasons discussed in this opinion, we affirm.

The parties were married in 1982 and had two children. They divorced in 2008 after entering into a Property Settlement Agreement (Agreement) which provided, among other things, plaintiff would pay permanent alimony to defendant and maintain a life insurance policy in which defendant is named as beneficiary. At the time of the divorce, for purposes of alimony, plaintiff's income was agreed to be $82,000 per year, not including his State of New Jersey Police and Fire pension. For purposes of setting alimony, defendant's annual income was imputed to be $30,000.

On November 15, 2015, plaintiff filed a pro se notice of motion for modification of alimony. In support of his motion, he submitted a certification explaining for the past thirteen years he had been working full time as a Security Director and that he received an annual income of $158,000, including his pension. Plaintiff asserted he was on Family Medical Leave, after being diagnosed with prostate cancer in September 2015, and expected to receive temporary disability benefits.

Plaintiff argued, since the inception of his illness, his only source of income was his pension because he was no longer working, but he anticipated returning to work after he recovered from his cancer treatments. However, he also asserted he suffered from chronic coughing and skin disease after being exposed to mold contamination on the job. He certified, "due to the mold

2

environment I will not be able to return to my current employment, since I have very sensitive mold allergies which affect my health and therefore I have elected not to further subject myself to a mold environment."

He asserted while on Family Medical Leave in December 2015, his attempts to resolve the health conditions at his workplace were unsuccessful; he resigned and has brought a constructive termination action against his previous employer. Plaintiff attached a copy of correspondence from his attorney to his prior employer, rejecting a proposed accommodation offered for plaintiff to return to work, and threatening suit. Plaintiff further stated he was fifty-eight years old and, due to his health, intended to take an early retirement relying on his pension as his only source of income. He asked the court to relieve him of any further alimony obligation.

Defendant filed a cross motion asking the court to dismiss plaintiff's motion because he did not file requisite case information statements per Rule 5:5-4(a), deny plaintiff's motion for modification, hold plaintiff in violation of litigant's rights, order repayment of arrears through probation, and provide proof of life insurance as required by the Agreement. Thereafter, plaintiff hired counsel who filed a supplemental notice of motion asking the court to modify the support obligation retroactive to

3

the date of plaintiff's loss of employment, alternatively suspend enforcement while preserving plaintiff's right to seek retroactive modification, and award counsel fees.

The Family Part considered the motions on March 28, 2016, and entered an order denying plaintiff's requests and granting defendant's. This appeal followed.

On appeal, plaintiff argues the court erred in denying his motion for modification, and instead should have conducted a plenary hearing on changed circumstances because of his cancer diagnosis and his assertion he could not return to work because of a mold condition at his job. He argues the court erred by ordering him to secure life insurance within ten days. Plaintiff also asserts the matter should be remanded to a different judge. Having reviewed the record, we disagree for the following reasons.

We accord a deferential standard of review to fact-finding; however, the trial judge's legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Our review of a trial court's legal conclusions is always de novo. Dep't of Envtl. Prot. v. Kafil, 395 N.J. Super. 597, 601 (App. Div. 2007).

Spousal support and alimony agreements are subject to modification at any time upon a showing of substantial and

permanent changed circumstances. Lepis v. Lepis, 83 N.J. 139, 146 (1980). When a modification application is made, the court should examine evidence of the paying spouse's financial status in order "to make an informed determination as to 'what, in light of all of the [circumstances] is equitable and fair.'" Id. at 158 (quoting Smith v. Smith, 72 N.J. 350, 360 (1977) (alteration in original)). The party seeking modification of a prior order bears the burden of making a prima facie showing of changed circumstances. Id. at 157. Where the supporting spouse seeks a termination of alimony, "the central issue is the supporting spouse's ability to pay." Miller v. Miller, 160 N.J. 408, 420 (1999).

The reason given by the Family Part judge for denying plaintiff's request for modification was that after having reviewed the medical and employment records, he found plaintiff had suffered from a temporary change in circumstances because of his illness. However, no doctors offered an opinion plaintiff was incapable of working or that continuation of work was detrimental to his health. Moreover, the record demonstrated his employer offered accommodation for him to return to work. The court also considered plaintiff's election of early retirement at fifty-eight or fifty-nine to be voluntary and not based on medical advice. For those reasons, the court denied plaintiff's motion and declined

a plenary hearing, concluding plaintiff had not demonstrated prima facie evidence of permanent changed circumstances.

An obligor's post-judgment illness is a change of circumstances a court may consider to warrant a modification. However, it is not the illness that justifies the modification but the effect of the illness on the obligor's ability to earn and pay his obligation. Here, as the Family Part judge noted, plaintiff's proofs did not establish his prostate cancer or his mold allergy, independently or in combination, prevented him from returning to work or diminished his permanent earning capacity. We discern no error in the court's conclusion.

The Family Part judge also ordered plaintiff to provide proof of life insurance within ten days. Plaintiff argued to the Family Part judge defendant previously waived the Agreement's insurance requirement and now argues he could not secure a policy because of his cancer diagnosis, but provided no underlying proof to support either contention. However, we note plaintiff is not foreclosed from prospective relief if he can provide evidence of his current inability to secure a life insurance policy.

Plaintiff also argues the Family Part judge should have suspended enforcement during his period of Family Medical Leave pursuant to N.J.S.A. 2A:34-23(m) which provides,

> [w]hen assessing a temporary remedy, the court may temporarily suspend support, or reduce support on terms; direct that support be paid in some amount from assets pending further proceedings; direct a periodic review; or enter any other order the court finds appropriate to assure fairness and equity to both parties.

Here, the judge ordered back due alimony payments to be paid within thirty days and future payments be made "when plaintiff finds employment" through wage garnishment. The order requires plaintiff to notify probation when he obtains employment. Because the judge found only temporary changed circumstances, we do not consider this remedy to be an abuse of the court's discretion, assuming for purposes of argument, N.J.S.A. 2A:34-23(m) applies to a 2008 Agreement. But see Spangenberg v. Kolakowski, 442 N.J. Super. 529, 538 (App. Div. 2015) (noting the "legislative recognition of the need to uphold prior agreements executed . . . before adoption of the statutory amendments."); and Landers v Landers, 444 N.J. Super. 315, 323 (App. Div. 2016) (same).

In light of our decision, we need not address plaintiff's argument for a new judge to hear this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3799-15T1