**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5565-16T2

JOHN W. SALVATORE,

    Plaintiff-Appellant,

v.

STACEY SALVATORE, (n/k/a STACEY
ADUBATO),

    Defendant-Respondent.

_____

Submitted June 5, 2018 — Decided June 28, 2018

Before Judges Fisher and Moynihan.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Morris County,
Docket No. FM-14-0990-11.

Gomperts Penza McDermott & Von Ellen, LLC,
attorneys for appellant (Marisa Lepore
Hovanec, on the brief).

Dalena & Bosch, LLC, attorneys for respondent
(Jessica A. Bosch, on the brief).

PER CURIAM

    Plaintiff appeals the trial judge's order denying: his request to terminate his alimony and life insurance obligations;

his alternate request for discovery followed by a plenary hearing to determine if defendant's cohabitation warranted termination of his alimony obligation; and his request for oral argument. We determine plaintiff established a prima facie case and reverse and remand this matter for a plenary hearing following court-scheduled discovery.

The parties' final judgment of divorce incorporated a February 2011 marital settlement agreement (MSA) that provided in pertinent part: plaintiff's $3333.33 monthly alimony obligation would terminate upon defendant's remarriage, plaintiff's sixty-sixth birthday, or either party's death; but defendant's "cohabitation with an unrelated adult in a relationship tantamount to marriage [would] be a re-evaluation event"; and plaintiff's required life insurance, valued at $450,000, would be "proportionately reduced commensurate with his alimony obligation." Later that year — after defendant advised plaintiff of her planned cohabitation with her boyfriend, A.M.[1] — the parties signed an addendum to the MSA. They agreed to the cohabitation; recognized they were "without sufficient knowledge to determine whether the cohabitation [would] be temporary or permanent"; reduced monthly alimony payments by $850 "during the period of

_____

[1] Obviously, we are using his initials.

cohabitation"; and provided that, "[b]ecause the [p]arties cannot determine the permanency of the cohabitation," alimony would be reinstated "at the full amount in the [MSA] . . . for the remainder of the term" if defendant's cohabitation with A.M. terminated.

Plaintiff filed the motion under review in May 2017, contending defendant's continued cohabitation with A.M. since December 2011 warranted the termination of his alimony and life insurance obligations under the terms of the MSA. The trial judge, after declining plaintiff's request for oral argument because it would not "advance [his] understanding of the issues raised in the motions," found that defendant's cohabitation

> was admitted to at the time of the [a]ddendum, thus its continued existence in and of itself is not a change in circumstances. Plaintiff does not allege there have been any financial changes in circumstances since the [a]ddendum. Thus [plaintiff] has failed to provide a prima facie showing of changed circumstances.[2]

"Generally, the special jurisdiction and expertise of the family court requires that we defer to factual determinations if they are supported by adequate, substantial, and credible evidence in the record." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012). "However, when reviewing legal conclusions, our

---

[2] The trial judge also granted defendant's cross-motion to deny plaintiff's motion and to enforce the addendum "as it relates to a reduction in alimony based on cohabitation."

obligation is different; '[t]o the extent that the trial court's decision constitutes a legal determination, we review it de novo.'" Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (alteration in original) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). Because this appeal involves the interpretation of contracts — the MSA and addendum — our review is de novo, and the trial judge is entitled to no special deference. Kieffer v. Best Buy, 205 N.J. 213, 222-23 (2011).

The judge misapprehended that the change of circumstances involved only defendant's cohabitation, failing to consider the terms of the MSA that provided cohabitation "in a relationship tantamount to marriage" triggered the "re-evaluation event." He also erred by considering plaintiff's failure to allege financial changes in circumstance; financial changes were of no moment, especially in light of the express provisions of the MSA.

Under pre-amendment case law,[3] modification for changed circumstances must be based on "[t]he extent of actual economic

---

[3] We agree with the trial judge that "[t]he newly amended N.J.S.A. 2A:34-23(n) does not apply," an argument not raised on appeal. The amendment does not modify "prior agreements executed or final orders filed before [the] adoption of the statutory amendments." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 538 (App. Div. 2015). Both agreements at issue were entered into prior to the adoption of that amendment and explicitly contemplated defendant's cohabitation. See Mills v. Mills, 447 N.J. Super. 78, 93 (Ch. Div. 2016) (recognizing "[t]he amended alimony statute of

dependency, not one's conduct as a cohabitant." <u>Gayet v. Gayet</u>, 92 N.J. 149, 154 (1983). But, "a specific consensual agreement between the parties to terminate or reduce alimony based on a predetermined change of circumstances does not require an inquiry into the financial circumstances or economic status of the dependent spouse so long as the provision itself is fair." <u>Konzelman v. Konzelman</u>, 158 N.J. 185, 197 (1999). "Thus, where the parties have agreed that cohabitation will constitute a material changed circumstance, and that agreement has been judged fair and equitable, the court should defer to the arrangements undertaken by the parties" and "need not delve into the economic needs of the former spouse." <u>Ibid.</u> In considering alimony modifications in these situations, our Supreme Court has directed the trial courts to consider "[t]he ordinary understanding of cohabitation," which is

> based on those factors that make the relationship close and enduring and requires more than a common residence, although that is an important factor. Cohabitation involves an intimate relationship in which the couple has undertaken duties and privileges that are commonly associated with marriage. These can include, but are not limited to, living together, intertwined finances such as joint bank accounts, sharing living expenses and

September 10, 2014, substantially departed from [then-existing case law] on cohabitation by permitting the possibility of termination or suspension of alimony even without proof of economic interdependency").

> household chores, and recognition of the
> relationship in the couple's social and family
> circle.
>
> [Id. at 202.]

The addendum was entered with the parties' acknowledgment "that they [were] without sufficient knowledge to determine whether [defendant's] cohabitation would be temporary or permanent." Defendant's certification in opposition to plaintiff's motion admits as much. By deeming the addendum "the 'evaluation' which the parties contemplated pursuant to" the MSA and establishing that as the baseline from which changed circumstances had to have been established, the trial judge ignored the agreement — and the Konzelman Court's definition — that more than a casual, perhaps temporary, cohabitation was needed to precipitate a review of plaintiff's alimony obligations.[4] Indeed, a short-term cohabitation is the type of temporary circumstance for which modification requests have been consistently rejected. Lepis v. Lepis, 83 N.J. 139, 151 (1980).

Plaintiff's motion-supporting certification claimed that during her cohabitation for more than five years: defendant and A.M. "have represented themselves to be . . . step-parents to each other's children"; the parties' children consider A.M. "part of

---

[4] No provision of the addendum indicates an intention that it supersede the settlement agreement.

their family unit"; "[d]efendant has shared parental responsibilities for [A.M.'s] daughter"; A.M. and his daughter were named in defendant's mothers' obituary; and A.M. has spent holidays and vacations with defendant and the children. These claims established a prima facie case that the cohabitation was "tantamount to marriage," entitling plaintiff an opportunity to establish at a plenary hearing that the cohabitation is of the nature contemplated by the MSA and that a re-evaluation of his alimony and concomitant life insurance obligations is warranted.

Contrary to defendant's contention, we determine that plaintiff's requested termination — not modification — of alimony sufficiently raised this matter at the trial level to warrant our review. Plaintiff's request for maximum relief does not mean that any other "re-evaluation" by the court was foreclosed. We determine the balance of defendant's contentions to be without sufficient merit to warrant discussion here. R. 2:11-3(e)(1)(E).

In light of our decision, we need not consider plaintiff's alternative argument that a plenary hearing was required to resolve the addendum's ambiguity. Our decision also renders moot the trial judge's denial of oral argument.

We therefore reverse the trial court's decision and remand this matter for a plenary hearing following discovery. We do not retain jurisdiction.

A-5565-16T2

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5565-16T2