**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0292-17T3

S.S.,

      Plaintiff-Respondent,

v.

N.S.,

      Defendant-Appellant.

_____

          Submitted September 21, 2018 – Decided November 20, 2018

          Before Judges Simonelli and DeAlmeida.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0162-10.

          Norris, McLaughlin & Marcus, PA, attorneys for appellant (Jeralyn L. Lawrence, on the briefs).

          Genova Burns LLC, attorneys for respondent (Kathleen Barnett Einhorn and Maria R. Fruci, of counsel and on the brief).

PER CURIAM

Defendant N.S.[1] appeals from that part of the August 22, 2017 Family Part order, which denied her motion to vacate a consent order, increase plaintiff S.S.'s child support obligation, compel plaintiff to pay retroactive child support, and for counsel fees and costs. We affirm.

The parties were married in 1995, and have two children. On July 9, 2009, they executed a Marital Settlement Agreement (MSA), which was incorporated into their October 5, 2009 final judgment of divorce. The MSA required plaintiff to pay defendant alimony of $12,000 per month for eight years, $8000 per month for four years, and $3000 per month for child support. Child support was calculated on plaintiff's average earnings as a partner in an anesthesiology practice of $517,000 per year for the past three years and defendant's imputed income of $35,000 per year.

The MSA required plaintiff to maintain medical coverage for the children, pay two-thirds of the children's unreimbursed medical expenses, and pay two-thirds of their "extracurricular lessons, sports activities, summer camps, and SAT preparatory classes." The MSA also provided that "[c]hild support shall

---

[1]  Because we quote and discuss income and expense information from the excluded record, we use initials to maintain confidentiality. See R. 1:38-3(d)(1).

A-0292-17T3

be reviewed and recalculated every three years from the date of the execution of [the MSA] and when alimony terminates unless the parties agree otherwise."

In 2012, defendant filed a post-judgment motion to compel plaintiff to pay his share of the children's summer camp, among other things. In a May 7, 2012 order, the motion judge granted the motion and ordered plaintiff to provide to defendant three years of his financial documents and proof of income for the year 2012. The judge also ordered both parties to exchange their tax returns, W-2 statements and Form 1099 for 2009, 2010, and 2011. The record does not indicate that plaintiff failed to comply with this order.

In January 2013, plaintiff advised defendant that his annual income had significantly decreased since their divorce due to various factors, making it nearly impossible for him to meet his alimony and child support obligations. As required by the MSA, plaintiff requested that the parties engage in mediation. Prior to the mediation, plaintiff provided to defendant his federal tax return and Schedule K-1 for the years 2010, 2011, and 2012, his 2013 gross earnings statement as of March 15, 2013, and various documents from his employer related to his income. According to plaintiff's tax returns, his annual gross income was $500,910 for 2010; $484,605 for 2011; $209,238 for 2012; and $98,547.99 as of March 15, 2013.

A-0292-17T3

Following mediation, on March 17, 2014, the parties executed a consent order, which provided as follows:

> Effective upon execution by the parties of this [CO], the [p]laintiff's child support obligation shall be reduced from $3,000 per month to $2,500 per month. This is based on the [p]laintiff's average income of $460,000 per year and the [d]efendant's current income of $57,000 per year, and taking into consideration the ongoing alimony payment of $144,000 per year from [p]laintiff to [d]efendant. Which payment shall continue to be paid in accord with the [MSA]. Attached are child support guideline worksheets, which indicate a child support obligation for [p]laintiff in the amount of $340 per week. The parties acknowledge this is an above guideline case and have agreed upon the child support number taking into consideration all of their circumstances. Pursuant to the parties' MSA, child support may be renegotiated every three years.

The consent order also provided that defendant would now be "solely responsible for the children's camp, work-related childcare, extracurricular activities, sports, and tutors." The consent order did not change plaintiff's responsibility to provide the children's medical coverage, but reduced his contribution to the children's unreimbursed medical expenses to sixty percent. The consent order did not provide that the reduction in plaintiff's child support obligation was permanent. To the contrary, the consent order provided: "Nothing contained herein shall eliminate said three year review/renegotiation provision of the parties' MSA. In the event the [p]laintiff seeks to have his

4

alimony obligation reviewed, the child support obligation and child related expense obligation of the [p]laintiff shall be reviewed."

In March 2017, defendant asked plaintiff to attend mediation to address their financial circumstances and the children's increased needs. Regarding his financial circumstances, plaintiff provided to defendant his Schedule K-1 for 2014, 2015, and 2016. Defendant did not have an accountant evaluate those documents. Instead, she concluded from her review of the documents that plaintiff's income was $607,986 for 2014; $573,492 for 2015; and $631,196 for 2016. Plaintiff countered that defendant misinterpreted his Schedule K-1s.

Mediation was unsuccessful. In May 2017, defendant filed a motion to vacate the consent order, claiming that before and during the 2014 mediation, plaintiff fraudulently misrepresented his annual income, fraudulently misrepresented that his anticipated annual income would never rise above $460,000, and failed to provide complete and accurate financial disclosures. Defendant also sought child support arrears, an increase in child support to $9315 per month, and counsel fees and costs. Apparently realizing she had misinterpreted plaintiff's Schedule K-1 for 2014, 2015, and 2016, defendant now argued that based on the method used by plaintiff's accountant, plaintiff's actual income was $477,629 for 2014; $462,798 for 2015; and $524,822 for 2016, for

A-0292-17T3

a three-year average of $488,467.66, which was $28,467.66 in excess of $460,000 per year. Plaintiff filed a motion to reduce his child support obligation. At the time of these filings, defendant's annual income had increased to $96,000.

In an August 22, 2017 written opinion, Judge Peter J. Tober denied defendant's motion to vacate the consent order. The judge rejected defendant's claim that plaintiff fraudulently misrepresented his annual income before and during the 2014 mediation, finding as follows:

> By the time the parties['] 2014 settlement negotiations commenced, [d]efendant had access to several years of [p]laintiff's financial disclosures. She had actual knowledge of [p]laintiff's average annual earnings, his Schedule K-1s and claimed deductions, and any other income dating back to 2009 and through 2012. Arguably, [d]efendant lacked only [p]laintiff's 2013 financial disclosures. Plaintiff's numerous financial disclosures necessarily evidenced a consistent decrease in annual income preceding the 2014 negotiations in the same manner his disclosures preceding the 2009 divorce suggested that a sum of $517,000 accurately represented [p]laintiff's average annual income. In this instance, the facts underlying the parties' dispute do not parallel those in Von Pein [v. Von Pein, 268 N.J. Super. 7 (App. Div. 1993)] wherein the [c]ourt determined that the husband fraudulently hid marital assets in an effort to diminish [the wife's] share of equitable distribution.
>
> . . . .

A-0292-17T3

> The [c]ourt is satisfied that [d]efendant knowingly and voluntarily entered in the March 17, 2014 [c]onsent [o]rder upon her receipt of objectively verifiable financial disclosures which corroborated [p]laintiff's representations regarding the extent of his available income.

The judge also rejected defendant's claim that plaintiff fraudulently misrepresented his anticipated future earnings, finding as follows:

> The [c]ourt does not find that [p]laintiff's 2014, 2015, and 2016 Schedule K-1s suggest, let alone evidence, [p]laintiff consistently earned an income nearly $200,000 in excess of the $460,000 figure utilized in the March 17, 2014 [c]onsent order, notwithstanding [d]efendant's arguments to the contrary. The shift in [d]efendant's position, from the arguments presented in her moving papers to her apparent concession in her reply papers, regarding the accurate interpretation of [p]laintiff's 2014, 2015, and 2016 Schedule K-1s underscores [p]laintiff's position that he informed [d]efendant in good faith of what he anticipated he would earn in the years following the 2014 negotiations.

The judge disagreed that plaintiff decreased his income through deductions, found the deductions for 2015 and 2016 were permissible, and determined plaintiff's current earnings comported with his representations during the 2014 mediation. The judge enforced the consent order, finding its terms were just and accepted voluntarily by both parties.

A-0292-17T3

Judge Tober denied defendant's request to increase child support, granted plaintiff's request to decrease child support, and decreased child support to $2,221.20.  The judge carefully reviewed the applicable law and evidence presented and did not find the children's needs had increased beyond what they were at the time of the consent order.

Judge Tober also carefully reviewed the parties' respective past and present earnings and financial disclosures, did not find credible defendant's claim of financial hardship and monthly deficit, and found "[d]efendant's lifestyle had not been affected in any meaningful capacity either following the 2009 divorce or the March 17, 2014 [c]onsent [o]rder."  The judge was satisfied that "[d]efendant's financial circumstances have steadily improved while plaintiff's have either remained consistent or decreased from what they were at the time of the March 17, 2014 [c]onsent [o]rder."  The judge emphasized that:

> [defendant] continued to live a lifestyle comparable to, if not exceeding, the parties' former marital lifestyle from 2014 through the filing date of her current application.  Defendant's conduct does not suggest financial hardship and her instant application seemingly attempts to compensate for the downward alimony modification by artificially inflating child support.
>
> Defendant's requested child support increase does not stem from the children's increased needs, but rather [d]efendant's apparent realization that her

A-0292-17T3

monthly alimony would decrease[] by $4,000 per month effective July 15, 2017. The purpose of child support, however, is to benefit children, not to protect or support either parent.

Lastly, Judge Tober denied defendant's request for counsel fees. The judge found defendant was capable of paying their counsel fees without contribution from plaintiff, and concluded as follows:

> Defendant's instant application advanced meritless arguments in an effort to overcome the financial impact of the automatic alimony decrease established by the terms of the parties' 2009 MSA. The [c]ourt finds [d]efendant sought to inflate improperly her receipt of monthly child support by requesting a sum, which would practically ameliorate any alimony decrease. The [c]ourt does not find that [d]efendant's allegations of fraud were substantiated or objectively reasonable. Her arguments regarding [p]laintiff's annual income were inconsistent and [d]efendant seemingly understood that her positon was unsupported by proper reading of [plaintiff's] Schedule K-1s.
>
> . . . .
>
> The [c]ourt therefore cannot find that [d]efendant's application supported a finding that she believed the [p]laintiff fraudulently induced her assent to the March 17, 2014 [c]onsent [o]rder.

On appeal, defendant contends Judge Tober erred in failing to vacate the consent order, increase child support, compel plaintiff to pay retroactive child support, and award her counsel fees and costs. In the alternative, defendant

contends the judge erred in failing to hold a plenary hearing and permit further discovery to determine the enforceability of the consent order and an appropriate retroactive child support award.

"In our review of a Family Part judge's motion order, we defer to factual findings 'supported by adequate, substantial, credible evidence' in the record." Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "Reversal is warranted when we conclude a mistake must have been made because the trial court's factual findings are 'manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice. . . .'" Ibid. (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "However, when reviewing legal conclusions, our obligation is different; '[to] the extent that the trial court's decision constitutes a legal determination, we review it de novo.'" Ibid. (alteration in original) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)).

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons Judge Tober expressed in his comprehensive and

cogent written opinion. The record amply supports the judge's factual findings and his conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0292-17T3