NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1160-15T3

MARY SIGNORE, n/k/a MARY
MARTINI,

 Plaintiff-Respondent,

v.

RONALD SIGNORE,

 Defendant-Appellant.
___________________________

 Argued December 13, 2016 – Decided February 3, 2017

 Before Judges Fasciale and Gilson.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Bergen
 County, Docket No. FM-02-149-04.

 Robert T. Corcoran argued the cause for
 appellant (Robert T. Corcoran, P.C.,
 attorneys; Mr. Corcoran and Kevin W. Ku, on
 the brief).

 Dale C. Krouse argued the cause for
 respondent.

PER CURIAM

 In this post-divorce judgment matter, defendant Ronald

Signore appeals from an October 26, 2015 order denying without

prejudice his motion to terminate or reduce his alimony
obligation. We reverse and remand because the Family Part did

not afford oral argument and did not consider and make findings

concerning the factors enumerated in N.J.S.A. 2A:34-23(k).

 I.

 The parties were married in 1986 and divorced in 2004.

They have two children, both of whom are emancipated. The

parties resolved the issues concerning their divorce through

agreement. Thus, the terms of their divorce were incorporated

into a final judgment of divorce (JOD), with attached custody

and parenting time agreement and delineation of the equitable

distribution of their assets. The JOD was entered on June 28,

2014.

 With regard to alimony, the JOD provided that defendant

would pay plaintiff, Mary Signore, $769 per week in "permanent

alimony." The JOD also provided: "Payment of alimony/spousal

support shall be made by the defendant to the plaintiff until

the death of either party, the remarriage of the plaintiff, or

for any other reasons or circumstances as allowed by the Laws of

the State of New Jersey for the termination of alimony/spousal

support." At the time of the divorce, defendant was a partner

in an accounting firm. The JOD stated that the alimony "is

based upon the defendant earning approximately $160,000 per

annum, and $37,500 per annum imputed income to the plaintiff."

 2 A-1160-15T3
 In December 2012, defendant left his accounting practice to

become the chief financial officer (CFO) at an organization in

Brooklyn, New York. In 2015, defendant's annual salary at that

organization was $300,560. In April 2015, defendant was

terminated from his position as the CFO of that organization.

Thereafter, he collected $420 per week in unemployment benefits

for ten weeks. In July 2015, defendant began working as a

controller of a limited liability company. His annual salary at

that company is $50,000.

 Defendant also operates Ronald C. Signore, LLC, an

accounting business, jointly with his current wife. In 2014,

the accounting business earned a profit of just over $39,000,

and defendant claimed just over $19,000 is income attributable

to him.

 On August 24, 2015, defendant filed a motion seeking to

modify or terminate his alimony obligation. He supported his

motion with a certification and a current case information

statement (CIS). In his certification, defendant contended that

plaintiff's income had increased. He claimed that she is

currently employed as a controller and earns a gross annual

income of $52,000. Defendant also alleged that plaintiff's

expenses have decreased since their children are now

 3 A-1160-15T3
emancipated. In his notice of motion, defendant requested a

plenary hearing and oral argument.

 Plaintiff opposed the motion, and cross-moved to compel

defendant to pay his alimony arrears. In her certification in

opposition to defendant's motion, plaintiff contended that her

lifestyle has not improved. To the contrary, she asserted that

she was "forced" to sell the former marital home. She also

points out that although her annual salary is $52,000, she has

to pay for health insurance, which leaves her with an adjusted

gross income of just over $43,000 per year. Plaintiff also

certified that she has "multiple medical issues."

 The Family Part did not hear oral argument on the motion or

cross-motion, nor did the court conduct a plenary hearing.

Instead, the Family Part decided the motion and cross-motion on

the papers, issuing an order dated October 26, 2015, with an

accompanying "Motion Disposition Sheet." In the order, the

Family Part denied without prejudice defendant's motion to

modify his alimony obligation. The court also granted

plaintiff's cross-motion to compel defendant to pay all of his

alimony arrears, which at that time was $9335. The court also

denied without prejudice defendant's request for a plenary

hearing, plaintiff's request for a warrant for defendant's

arrest, and both parties' request for counsel fees and costs.

 4 A-1160-15T3
 In the accompanying disposition sheet, the Family Part

reasoned that defendant had failed to demonstrate a "prima facie

showing of changed circumstances" under Lepis v. Lepis, 83 N.J.

139 (1980). In that regard, the court explained that at the

time the JOD was entered, defendant was earning $160,000 per

year, and his earnings in 2015 were over $165,000. The Family

Part did not mention or discuss the 2014 amendments to the

alimony statute set forth in N.J.S.A. 2A:34-23.

 II.

 On appeal, defendant argues that the Family Part erred (1)

in failing to grant oral argument on his motion; and (2) in

failing to consider the factors set forth in N.J.S.A. 2A:34-

23(k). We are constrained to remand because the Family Part did

not consider the applicable amendments to the alimony statute.

 Our review of orders entered by the Family Part is

generally deferential. Landers v. Landers, 444 N.J. Super. 315,

319 (App. Div. 2016) (citing Gnall v. Gnall, 222 N.J. 414, 428

(2015)). Nevertheless, "when reviewing legal conclusions, our

obligation is different; '[t]o the extent that the trial court's

decision constitutes a legal determination, we review it de

novo.'" Id. at 319 (alteration in original) (quoting D'Agostino

v. Maldonado, 216 N.J. 168, 182 (2013)). Moreover, the Family

Part, like all trial courts, is required to explain the reasons

 5 A-1160-15T3
for its decision to ensure meaningful appellate review. See R.

1:7-4; Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div.

2015).

 Alimony may be revised and altered by the court from time-

to-time as circumstances may require. N.J.S.A. 2A:34-23. In

September 2014, the Legislature amended the alimony and

maintenance statute, N.J.S.A. 2A:34-23, "to more clearly

quantify considerations examined when faced with a request to

establish or modify alimony." Spangenberg v. Kolakowski, 442

N.J. Super. 529, 536-37 (App. Div. 2015). The amendment became

effective September 10, 2014. L. 2014, c. 42, § 1. The

Legislature, however,

 clarified that [the amendments] "shall not
 be construed either to modify the duration
 of alimony ordered or agreed upon or other
 specifically bargained for contractual
 provisions that have been incorporated into:
 a. a final judgment of divorce or
 dissolution; b. a final order that has
 concluded post-judgment litigation; or c.
 any enforceable written agreement between
 the parties."

 [Quinn v. Quinn, 225 N.J. 34, 51 n.3 (2016)
 (quoting L. 2014, c. 42, § 2).]

"This additional statement signals the legislative recognition

of the need to uphold prior agreements executed or final orders

filed before adoption of the statutory amendments."

Spangenberg, supra, 442 N.J. Super. at 538.

 6 A-1160-15T3
 The JOD here was entered before the September 10, 2014

amendments to N.J.S.A. 2A:34-23 became effective. Nevertheless,

the JOD does not include any provision prohibiting the

modification of alimony. Instead, the JOD here stated: "Payment

of alimony/spousal support shall be made by the defendant to the

plaintiff until the death of either party, the remarriage of the

plaintiff, or for any other reason or circumstances as allowed

by the Laws of the State of New Jersey for the termination of

alimony/spousal support."

 Defendant filed his motion for modification in August 2015,

following the effective date of the amendments to the alimony

statute. The parties' JOD provided that alimony could be

terminated, and by logical extension modified, "as allowed by

the Laws of the State of New Jersey." Consequently, the

relevant portions of the amendments to N.J.S.A. 2A:34-23 should

have been applied to defendant's motion to modify or terminate

his alimony obligation.

 Under the amendments to N.J.S.A. 2A:34-23, subsection (k)

provides that

 [w]hen a non-self-employed party seeks
 modification of alimony, the court shall
 consider the following factors:

 (1) The reasons for any loss of income;

 7 A-1160-15T3
(2) Under circumstances where there has
been a loss of employment, the obligor's
documented efforts to obtain replacement
employment or to pursue an alternative
occupation;

(3) Under circumstances where there has
been a loss of employment, whether the
obligor is making a good faith effort to
find remunerative employment at any level
and in any field;

(4) The income of the obligee; the
obligee's circumstances; and the obligee's
reasonable efforts to obtain employment in
view of those circumstances and existing
opportunities;

 . . . .

(7) Any changes in the respective financial
circumstances of the parties that have
occurred since the date of the order from
which modification is sought;

(8) The reasons for any change in either
party's financial circumstances since the
date of the order from which modification is
sought, including, but not limited to,
assessment of the extent to which either
party's financial circumstances at the time
of the application are attributable to
enhanced earnings or financial benefits
received from any source since the date of
the order;

(9) Whether a temporary remedy should be
fashioned to provide adjustment of the
support award from which modification is
sought . . ."; and

(10) Any other factor the court deems
relevant to fairly and equitably decide the
application.

 8 A-1160-15T3
 [N.J.S.A. 2A:34-23(k).]

Where, as here, a non-self-employed party moves for a reduction

of alimony based upon an "involuntary loss of employment," the

court "shall not" only consider "the length of time [the] party

has been involuntarily unemployed or has had an involuntary

reduction in income" but instead is required to "determine the

application based upon all of the enumerated factors." N.J.S.A.

2A:34-23(k).

 Here, the Family Part did not cite to or consider any of

the factors enumerated in N.J.S.A. 2A:34-23(k). We are,

therefore, constrained to remand the matter so that the court

can consider all of the factors identified in N.J.S.A. 2A:34-

23(k) in determining whether defendant demonstrated a

significant change in circumstances to warrant a plenary hearing

on his motion to modify or terminate his alimony obligation.

 On remand, the court should also consider and make findings

in accordance with Rule 1:7-4 concerning defendant's contentions

that he was entitled to a modification or termination of his

alimony obligation. Given that the parties have disputed

certain facts in the certifications they have filed, a plenary

hearing may well be necessary.

 Because we are remanding the matter for the court to make

the requisite findings under Rule 1:7-4 as to the enumerated

 9 A-1160-15T3
factors under N.J.S.A. 2A:34-23(k), it is not necessary for us

to address defendant's contention that the court erred in

denying him oral argument. We note, however, that the better

practice is to afford parties oral argument when such a request

was made. See R. 5:5-4(a) (providing that a court should

ordinarily grant requests for oral argument on "substantive"

motions); Palombi v. Palombi, 414 N.J. Super. 274, 285 (App.

Div. 2010) ("The denial of oral argument when a motion has

properly presented a substantive issue to the court for decision

'deprives litigants of an opportunity to present their case

fully to a court.'" (quoting Mackowski v. Mackowski, 317 N.J.

Super. 8, 14 (App. Div. 1998))).

 Reversed and remanded for further proceedings in accordance

with this opinion. We do not retain jurisdiction.

 10 A-1160-15T3