**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2471-18T3

PAMELA PAGAN,

      Plaintiff-Respondent,

v.

DAVID PAGAN,

      Defendant-Appellant.

_____

> Submitted September 18, 2019 – Decided October 2, 2019
>
> Before Judges Gooden Brown and Mawla.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2110-05.
>
> George G. Gussis, attorney for appellant.
>
> Respondent has not filed a brief.

PER CURIAM

      Defendant David Pagan appeals from a January 25, 2019 order denying his motion for reconsideration of an October 12, 2018 order which denied his

motion to terminate alimony and life insurance obligations to plaintiff Pamela Pagan on grounds of cohabitation, retirement, and an economic change in circumstances. We affirm.

We take the following facts from the record. The parties married in 1985 and divorced in 2006. Defendant was employed as a New Brunswick police officer between 1993 and 2018, when he retired. The judgment of divorce incorporated a property settlement agreement (PSA), in which defendant agreed to pay plaintiff $220 per week in permanent alimony until one of the parties died, or plaintiff remarried or cohabited. Specifically, the PSA defined cohabitation as follows: "Plaintiff's cohabitation with a member of the opposite sex, not related by blood or marriage, for a period of sixty . . . days or more regardless of any financial contribution by that person." Alimony was based upon an imputed income to plaintiff of $20,000 and defendant's 2004 earnings of $71,404. Defendant also agreed to "obtain additional term life insurance in the amount of $150,000.00 naming [p]laintiff the beneficiary . . . for so long as he has an alimony and/or pension obligation."

In September 2018, plaintiff filed a post-judgment motion to enforce the alimony and life insurance provisions. Defendant filed a cross-motion seeking termination of both obligations. His certification explained he obtained a

"[s]pecial [r]etirement" from the police department on March 1, 2018, and his "sole income" was his pension. He admitted he did not secure the life insurance policy because his employment coverage was $195,000. He further explained, "I also thought that I would no longer have that obligation once I went on pension status. My group life insurance is now only $62,600.15[;] . . . I am not in a physical and financial position to obtain any insurance."

Defendant's appendix on appeal attaches medical evidence comprised of letters from his doctors indicating defendant was receiving treatment for "chronic mid and low back pain." The records describe defendant had moderate to severe degenerative disc disease, herniated and bulging discs, and stenosis in the mid and lower back areas. However, the certification defendant filed with his cross-motion does not reference these documents.

Defendant explained he remarried, had two children, purchased a Hillsborough residence in 2018, with a mortgage balance of $437,820.08, and his income had been $112,479, but was now "vastly reduced." He argued the motion filing fee waiver application plaintiff filed with the court showed earnings of $25,200 per year, greater than the $20,000 imputed to her in the PSA. He asserted his decreased earnings, financial circumstances, and plaintiff's increased earnings were grounds to terminate alimony.

A-2471-18T3

Defendant also argued alimony should terminate because plaintiff was cohabiting with another man and engaged to marry him. He provided Facebook posts he believed depicted the engagement and explained "I am certainly not in a position to hire a detective in North Carolina to confirm this[.]"

The motion judge granted plaintiff's enforcement motion. The judge concluded defendant had not met the conditions in the PSA for the termination of alimony and denied defendant's cross-motion to terminate alimony on the basis of cohabitation without prejudice.

Defendant filed a motion for reconsideration. Although the record on appeal lacks defendant's certification, we glean the following from the letter brief his attorney filed with the motion judge. Defendant argued the judge had not made adequate findings in the October order. He argued his cross-motion was unopposed and he established a prima facie case of cohabitation and a financial change in circumstances.

The motion judge denied reconsideration, and in his written findings in the January 2019 order, stated:

> Defendant's certifications and appended proofs addressing [p]laintiff's alleged cohabitation are inconclusive. Defendant certifies that he has learned [p]laintiff is engaged in North Carolina. Defendant appends Facebook photos which purport to demonstrate same. Defendant's assertion that his claims of

cohabitation are unopposed does not absolve him of his burden to make a prima facie showing of co-habitation. Defendant's appended exhibits were considered and were found to be lacking as probative, competent evidence. . . .

Defendant's original application for termination of alimony was predicated on his early retirement. Defendant sought to modify his alimony obligations under a change of circumstance analysis under Lepis v. Lepis, 83 N.J. 139 (1980). Defendant's original application failed to address the factors contained in N.J.S.A. 2A:34-23(j), to so determine if his early retirement was made in good faith. Defendant did not address the factors weighing whether the change in circumstance was self-created, and therefore, was originally [denied]. Defendant's reconsideration request provides no new evidence, nor does it address the statutory factors as required. Rather, [d]efendant's application merely registers a dissatisfaction with this [c]ourt's denial.

I.

On appeal, defendant raises arguments relating to the October 2018 order, namely, the denial of his cross-motion for relief from the alimony and life insurance obligations, the judge's findings there were no change in circumstances, and the overall quality of the judge's findings. We do not consider the arguments related to the October 2018 order, because the notice of appeal identifies only the January 2019 order. "While . . . [Rule 2:5-1(f)(1)] does not in terms so provide, it is clear that it is only the judgments or orders or

parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2019) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff'd o.b., 138 N.J. 41 (1994)). Also, "if the notice designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed." Ibid. (citing W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008)).

## II.

"[T]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citation omitted). "Reconsideration should be used only where '1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Ibid. (alteration in original) (quoting Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)). "Thus, a trial court's reconsideration decision will be left

A-2471-18T3

undisturbed unless it represents a clear abuse of discretion." Ibid. (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

Defendant argues the motion judge abused his discretion when he denied the motion for reconsideration. He asserts the judge failed to make specific findings regarding the termination of alimony, even though he filed "all the information required under [N.J.S.A. 2A:34-23(j)(3)]" to enable the judge to make the finding of a good-faith retirement. He contends the judge erred because the motion for reconsideration was unopposed.

We are satisfied the motion judge's denial of reconsideration was not an abuse of discretion. As the judge noted, the parties contracted for specific language regarding the termination of alimony, namely, termination in the event of a cohabitation for a period of sixty days or plaintiff's remarriage. Defendant's presentation of Facebook photos purporting to show plaintiff's engagement party proved neither the sixty-day period of cohabitation nor plaintiff's remarriage as required by the PSA.

We further reject defendant's argument the judge erred when he denied reconsideration of his motion to terminate alimony on the basis of his retirement.

> Unlike other amended provisions of N.J.S.A. 2A:34-23, subsection (j) distinguishes alimony orders executed prior to the amendment's effective date and those executed afterwards. See N.J.S.A. 2A:34-

7

23(j)(1), (3). Therefore, this unambiguous legislative directive governs a court's examination of alimony modification requests arising when an obligor retires, depending on the original date alimony is awarded.

Subsection (j)(3) applies "[w]hen a retirement application is filed in cases in which there is an existing final alimony order or enforceable written agreement established prior to the effective date of this act. . . . " N.J.S.A. 2A:34-23(j)(3).

[Landers v. Landers, 444 N.J. Super. 315, 323 (App. Div. 2016) (emphasis in original).]

N.J.S.A. 2A:34-23(j)(3) states:

When a retirement application is filed in cases in which there is an existing final alimony order or enforceable written agreement established prior to the effective date of this act, the obligor's reaching full retirement age as defined in this section shall be deemed a good faith retirement age. Upon application by the obligor to modify or terminate alimony, both the obligor's application to the court for modification or termination of alimony and the obligee's response to the application shall be accompanied by current Case Information Statements [(CISs)] or other relevant documents as required by the Rules of Court, as well as the [CISs] or other documents from the date of entry of the original alimony award and from the date of any subsequent modification. In making its determination, the court shall consider the ability of the obligee to have saved adequately for retirement as well as the following factors in order to determine whether the obligor, by a preponderance of the evidence, has demonstrated that modification or termination of alimony is appropriate:

8

(a) The age and health of the parties at the time of the application;

(b) The obligor's field of employment and the generally accepted age of retirement for those in that field;

(c) The age when the obligor becomes eligible for retirement at the obligor's place of employment, including mandatory retirement dates or the dates upon which continued employment would no longer increase retirement benefits;

(d) The obligor's motives in retiring, including any pressures to retire applied by the obligor's employer or incentive plans offered by the obligor's employer;

(e) The reasonable expectations of the parties regarding retirement during the marriage or civil union and at the time of the divorce or dissolution;

(f) The ability of the obligor to maintain support payments following retirement, including whether the obligor will continue to be employed part-time or work reduced hours;

(g) The obligee's level of financial independence and the financial impact of the obligor's retirement upon the obligee; and

(h) Any other relevant factors affecting the parties' respective financial positions.

A-2471-18T3

The record on appeal lacks any CIS or other objective evidence to discern defendant's age, as required by N.J.S.A. 2A:34-23(j)(3)(a), and the financial circumstances, pursuant to N.J.S.A. 2A:34-23(j)(3)(f), (g), or (h), to enable us to determine if the judge erred. See R. 2:6-1(a)(1)(I) (stating appellant's appendix must include those portions of the record that "are essential to the proper consideration of the issues"). The failure to produce this information in this one-sided appeal, as it was on the motion for reconsideration, demonstrates the judge did not err when he concluded defendant failed to meet his burden to establish a good-faith retirement.

The same logic applies to defendant's argument the judge should have terminated his alimony based on a financial change in circumstances. Without the parties' CISs from the time of the divorce and at the time of the motion for reconsideration, which defendant's brief on appeal argues were provided to the motion judge, we cannot determine if the motion judge erred when he concluded a $5200 increase in plaintiff's annual income did not constitute a change in circumstances. Without the ability to understand the marital lifestyle and the parties' needs, the modest increase in income alone does not demonstrate the judge erred when he determined no Lepis change in circumstances.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2471-18T3