**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1798-18T1

NANCY E. LANDERS,

    Plaintiff-Appellant,

v.

PATRICK J. LANDERS,

    Defendant-Respondent.

_____

        Submitted March 16, 2020 – Decided April 20, 2020

        Before Judges Fasciale and Rothstadt.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-5949-91.

        Nancy E. Landers, appellant pro se.

        Borger Matez, PA, attorneys for respondent (Deena L. Betze, on the brief).

PER CURIAM

Plaintiff Nancy E. Landers appeals from an October 19, 2018 order modifying defendant Patrick J. Landers's alimony obligation. The motion judge entered the order and rendered an oral opinion. We affirm.

The parties married in 1969 and have three sons, who are now emancipated. In 1991, the court entered a final judgment of divorce (FJOD) and related marital settlement agreement. At that time, and pertinent to the issues on appeal, those documents required defendant to pay alimony and obtain life insurance to protect his support obligation. He has satisfied his financial obligations under the FJOD since the divorce. Defendant has been remarried for approximately twenty-five years; plaintiff never remarried.

In 2015, defendant retired and filed a motion to terminate his alimony obligation. Another judge granted that motion and plaintiff appealed. We remanded for the limited purpose of "conduct[ing] proceedings as [the judge] deems necessary" and to apply N.J.S.A. 2A:34-23(j)(3). See Landers v. Landers, 444 N.J. Super. 315, 325 (App. Div. 2016). The same judge entered an order on April 15, 2016, setting forth his (j)(3) analysis, and modifying defendant's alimony obligation.

Plaintiff appealed from the April 15, 2016 order and, in an unpublished opinion, we concluded that the judge applied (j)(3), including the correct burden of proof. Landers v. Landers, No. A-1073-16 (App. Div. Apr. 12,

2018) (slip op. at 5). We noted the judge's findings were supported by the record. Ibid. However, we remanded because the judge reduced defendant's alimony obligation without requiring an updated Case Information Statement (CIS) and tax returns. Ibid. We did not order a plenary hearing. Landers, slip op. at 5-6.

On remand, the motion judge reviewed the updated CIS, conducted a plenary hearing, took the parties' testimonies, considered a multitude of other documents, including the tax returns for several years, and analyzed defendant's alimony obligation under N.J.S.A. 2A:34-23(j)(3). The motion judge found defendant credible and gave weight to his testimony. The motion judge also found plaintiff "credible with regard to her current economic circumstances which [were] really the focus of the analysis before the [motion judge]." She then issued the order under review.

On appeal, plaintiff raises the following points[1]:

> POINT I
>
> N.J.S.A. 2A:34-23 (J)(3)(A) THE AGE AND HEALTH OF THE PARTIES AT THE TIME OF THE APPLICATION. (NOT RAISED BELOW).
>
> POINT II

---

[1] Plaintiff's point headings list the factors enumerated in N.J.S.A. 2A:34-23(j)(3).

A-1798-180418-19T21

(B)   THE OBLIGOR'S FIELD OF EMPLOYMENT AND THE GENERALLY ACCEPTED AGE OF RETIREMENT FOR THOSE IN THE FIELD.  (NOT RAISED BELOW).

POINT III

(C)   THE AGE WHEN THE OBLIGOR BECOMES ELIGIBLE FOR RETIREMENT AT OBLIGOR'S PLACE OF EMPLOYMENT, INCLUDING MANDATORY RETIREMENT DATES OR THE DATES UPON WHICH CONTINUED EMPLOYMENT WOULD NO LONGER INCREASE RETIREMENT BENEFITS.  (NOT RAISED BELOW).

POINT IV

(D)   THE OBLIGOR'S MOTIVES IN RETIRING, INCLUDING ANY PRESSURES TO RETIRE APPLIED BY THE OBLIGOR'S EMPLOYER OR INCENTIVE PLANS OFFERED BY THE OBLIGOR'S EMPLOYER.  (NOT RAISED BELOW).

POINT V

(E)  THE REASONABLE EXPECTATIONS OF THE PARTIES REGARDING RETIREMENT DURING THE MARRIAGE OR CIVIL UNION AND AT THE TIME OF THE DIVORCE OR DISSOLUTION.  (NOT RAISED BELOW).

POINT VI

(F)   THE ABILITY OF THE OBLIGOR TO MAINTAIN SUPPORT PAYMENTS FOLLOWING RETIREMENT, INCLUDING WHETHER THE OBLIGOR WILL CONTINUE TO BE EMPLOYED PART-TIME OR WORK REDUCED HOURS.  (NOT RAISED BELOW).

A-1798-180418-19T21

POINT VII

(G) THE OBLIGEE'S LEVEL OF FINANCIAL INDEPENDENCE AND THE FINANCIAL IMPACT OF THE OBLIGOR'S RETIREMENT UPON THE OBLIGEE. (NOT RAISED BELOW).

POINT VIII

(H) ANY OTHER RELEVANT FACTORS AFFECTING THE PARTIES' RESPECTIVE FINANCIAL POSITIONS. (NOT RAISED BELOW).

Although plaintiff raises arguments unrelated to the focus of the second remand, we addressed them in our prior decisions. The focus of the second remand was whether the updated CIS and tax information impacted defendant's alimony obligation under N.J.S.A. 2A:34-23(j)(3)(f). We affirm substantially for the reasons given by the motion judge. We add the following remarks.

When reviewing a Family Part judge's decision, this court defers to the judge's factual findings that are "supported by adequate, substantial, credible evidence" in the record. Gnall v. Gnall, 222 N.J. 414, 428 (2015). Reversal is warranted when this court concludes a mistake must have occurred because the trial judge's factual findings are "'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Township of North Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). "To the extent that the trial [judge's]

decision constitutes a legal determination, [this court] review[s] it de novo." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013).

The motion judge examined plaintiff's CIS, including Schedules A, B, and C. She reduced plaintiff's schedule B expenses because she found it was unreasonable to spend $744 per year to maintain a driver's license and registration. She found plaintiff's necessary expenses were $1949.67 without credit card payments. The judge stated: "[I] find[] her testimony credible[,] and based on the bank statements[,] that she's earning about $200[] to $250[] per month from outside employment[,] and I would note on her bank statements that she's paying approximately $100[] per month in credit card debt." The judge also found plaintiff had "a very minimal level of financial independence" and that plaintiff's income was "almost zero."

The judge examined defendant's CIS, including Schedules A, B, and C, and found defendant lived a modest life. She looked at defendant's 2015, 2016, and 2017 tax returns and found there was no indication that defendant worked part-time. The judge also based her finding that defendant did not have a part-time job on the fact that he cares for his mother.

The motion judge explained that she excluded certain accounts from her analysis because defendant's current wife contributed to them. She concluded defendant's available income after taxes was approximately $673 per week, or

approximately $2893.90 per month. Relating to defendant's $12,000 annual IRA withdrawals, the motion judge did not consider the entire amount for alimony purposes because "pursuant to the statute and pursuant to the directions of the Appellate Division, the [c]ourt was to exclude the portion of the pensions that were distributed as part of equitable distribution."

Plaintiff argues the judge should have considered defendant's "$1.7" million net worth. However, the judge made specific findings to this point, explaining why she did not include it in her analysis. She stated: "However, the [c]ourt does not consider . . . these assets [because they] are not solely [defendant's], but they were also acquired with the economic and non-economic contributions of his current wife[.]"

The motion judge concluded:

> The [c]ourt finds by a preponderance of the evidence, that defendant has not gainfully worked on a part time basis or reduced hours since his retirement. The initial evidence was from a Christmas letter where . . . [d]efendant and his current wife stated he was going to continue to work part time at a hot rod shop. . . . The [c]ourt notes that there's no additional income contained on the [d]efendant's [20]15, [20]16 or [20]17 income tax return related to any part[-]time work or reduced work at his former job.
>
> . . . .
>
> Each party in this matter has strong positions with regard to certain factors. Balancing all the

factors, the [c]ourt finds that $500[] per month is reasonable alimony effective February 2[], 2015.

The motion judge's findings as to the (j)(3) factors are supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1798-180418-19T21