**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5559-18T1

AKASH NAHAR,

    Plaintiff-Appellant,

v.

GUNJAN SALGIA,

    Defendant-Respondent.

_____

Argued October 15, 2020 – Decided October 30, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, FM-04-0867-16.

Michael A. Weinberg argued the cause for appellant (Weinberg, Kaplan & Smith, PA, attorneys; Michael A. Weinberg, on the briefs).

Shari B. Veisblatt argued the cause for respondent (Obermayer Rebmann Maxwell & Hippel, LLP, attorneys; Shari B. Veisblatt, on the brief).

PER CURIAM

Plaintiff Akash Nahar appeals from a Family Part order barring him from traveling internationally with the two children he shares with his former spouse, defendant Gunjan Salgia. Having considered the record and the arguments of the parties in light of the applicable legal principles, we reverse the challenged restriction in the court's order.

I.

Plaintiff and defendant married in 2005, had twin children born in 2007, and divorced in 2018. In June 2014, defendant took the parties' children to India. The parties dispute the circumstances under which the removal of the children from the United States occurred. Plaintiff contends defendant "abducted" the children without his prior knowledge and consent and refused to allow the children to return until months later and only if plaintiff agreed to transfer property in India to her. Defendant claims she traveled to India with plaintiff's permission, the children suffered illnesses in India, and she returned with the children to the United States as soon as they were medically cleared to do so.

We need not wade deeply into the circumstances surrounding defendant's removal of the children in June 2014. It is undisputed defendant took the children to India where they became ill and, for a period, were hospitalized. Following the children's removal to India, plaintiff filed an abduction complaint

A-5559-18T1

with the Office of Children's Issues of the United States Department of State. In response, he was informed India is not a party to the Hague Convention on the Civil Aspects of International Child Abduction, and there were "no civil mechanisms in effect between the United States and India to facilitate [the children's] return."

In September 2014, plaintiff traveled to India to care for one of the children who had relapsed after her release from the hospital.[1] Plaintiff asserts defendant refused to allow the children to return to the United States unless he conveyed property in Mumbai to her. Plaintiff executed a deed to the Mumbai property to defendant, and, by the end of November 2014, plaintiff, defendant, and the children had returned to the United States.

Five months later, in April 2015, defendant returned to India alone, and plaintiff remained in the United States with the children. Defendant continued to reside in India until August 2017, when she claims she moved back to the United States.[2]

---

[1] Plaintiff is a physician.

[2] Plaintiff asserts defendant did not move back to New Jersey until November 2017. The parties' disagreement about the timing of plaintiff's relocation to New Jersey is not pertinent to any issues presented on appeal.

3

During defendant's more than two-year residence in India apart from the children and plaintiff, the Family Part entered multiple orders regarding the parties. On July 27, 2015, the court entered an order granting plaintiff's request for sole legal and physical custody of the children. The order further barred defendant from removing the children from the United States and obtaining United States passports or any other travel documents for the children. Defendant did not appeal from the July 27, 2015 order.

In a January 2016 order, the court denied defendant's request to vacate the July 27, 2015 order barring her from traveling internationally with the children. The court permitted defendant "non-overnight parenting time" when she "is in the United States," allowed defendant to video conference with the children, and required defendant to "provide plaintiff with at least [thirty] days' notice of when she will be in the United States and available for parenting time."

Eleven months later, the court entered a December 9, 2016 order allowing defendant parenting time during December and on January 2, 2017, "during her visit to the United States." The order further permitted plaintiff to travel internationally with the children provided he supplied defendant with the travel

4

itinerary at least forty-five days prior to the planned travel or an "explanation as to why [forty-five] days' notice could not be provided."[3]

On June 22, 2017, the court entered a Partial Judgment Concerning Custody and Parenting Time (partial judgment) with the consent of the parties. In pertinent part, the partial judgment barred defendant "from traveling internationally with the children pursuant to . . . the July 27, 2015 [o]rder," which the parties agreed "remain[ed] in full force and effect pending further [o]rder of the [c]ourt." The partial judgment also permitted plaintiff "to travel internationally with the children pursuant to the December 9, 2016 [o]rder."

As noted, defendant moved from India to the United States in 2017. On October 5, 2018, the court entered a dual judgment of divorce, and in March 2019, the parties consented to entry of a Supplemental Dual Final Judgment of Divorce (SJOD). The SJOD incorporated the June 22, 2017 partial judgment barring defendant from travelling internationally with the children and permitting plaintiff to travel internationally with the children. In the SJOD, defendant reserved the right to file a post-judgment application for permission

---

[3] The December 9, 2016 order authorizing plaintiff to travel internationally with the children modified a January 20, 2016 order barring both parties from traveling with the children "outside of the United States absent written mutual consent or an order of [the] court."

A-5559-18T1

to travel internationally with the children, and plaintiff reserved the right oppose any such application.

Approximately one month after entry of the SJOD, defendant moved for permission to travel with the children to India for a family wedding. She did not request an order barring plaintiff from traveling internationally with the children. Plaintiff filed a cross-motion that, in pertinent part, sought enforcement of the SJOD's prohibition against defendant traveling internationally with the children. Plaintiff argued defendant's motion should be denied because: defendant abducted the children in 2014; she refused to return the children at that time; the children should not be permitted to travel to India with defendant because it is not party to the Hague Convention; and defendant had not demonstrated changed circumstances permitting a modification of the SJOD which, by incorporating the partial judgment, prohibited defendant from traveling internationally with the children.

In her certifications supporting her motion and opposing plaintiff's cross-motion, defendant asserted she took the children to India in 2014 to escape alleged abuse by plaintiff. She also asserted she did not abduct the children as plaintiff claimed, and that the circumstances have changed since the July 27, 2015 order was entered. More particularly, defendant asserted she is "a different

A-5559-18T1

person than [she] was in 2014 and 2015." She is now a United States citizen who is employed and leases a home, she is no longer a citizen of India, and she plans to make the United States her permanent home. She further claimed it is unfair to allow plaintiff the opportunity to travel internationally with the children and deprive her of the right to do so as well.

During the hearing on the cross-motions, counsel argued about the status of litigation between the parties in India. Plaintiff's counsel noted defendant had filed a complaint for divorce in India, and the court in India issued an order finding New Jersey had jurisdiction over the divorce proceeding. Plaintiff's counsel also asserted there was "custody litigation in India that is still ongoing" between the parties. Defendant's counsel denied there is any pending custody litigation between the parties in India but asserted the parties have other pending litigation against each other there.

Defendant also asserted she would consent to the entry of an order in India that "mirrored" whatever order for international travel and custody the court entered in response to her motion. The judge, however, observed a court in India has no obligation to honor the terms of an order entered in the United States, stating, "Why does India care? They're . . . going to take my order and throw it in the trash." Plaintiff's counsel agreed, noting a case where a Virginia court

7

directed that a father return the parties' children from India, and the court in India refused to enforce the order.[4]

The court rejected defendant's suggestion that she be permitted to travel with the children to countries that are parties to the Hague Convention. The court determined such an order would not prevent defendant from going to a country that is party to the Hague Convention and then leaving that country and traveling to India.

The court questioned the importance of international travel to the children. The court noted the children were eleven and would be able to make their own decision about travel in seven years, when they turned eighteen. The court further noted the parties had "enough money to fly relatives" to the United States to see the children, and the children would suffer little if they were deprived of international travel until they were eighteen.

Plaintiff noted there was "nothing in the record to indicate he's a flight risk" and "nothing to indicate that he's ever abducted the children or failed to return them." In response, the judge said, "I agree." The court also agreed

---

[4] Plaintiff's counsel discussed the details of the case but did not identify it by its full name or a citation.

plaintiff had traveled with the children internationally over the prior years and "brought the children back on a timely basis every time."

The court sua sponte decided to ban both parties from international travel with the children. The court found international travel in the life of two eleven-year-olds was not "high on [the court's] priority list," recognized plaintiff's fears concerning defendant's international travel, and found plaintiff's "right to travel internationally is trumped by his desire to make sure that [defendant] doesn't travel internationally." The court recognized the restriction on plaintiff's international travel with the children was a "huge imposition" and meant the children would not be able to travel internationally with plaintiff over the ensuing seven years. However, the court found the parties' relationship was "too contentious," and it could not "risk" that the "ongoing litigation in India . . . could . . . be fired back up again." The court concluded it was therefore appropriate to ban all international travel by the children until their eighteenth birthdays.[5]

---

[5] The court left open the possibility that if circumstances change, the parties may move in the future for permission from the court to travel internationally with the children.

The court entered a July 8, 2019 order barring plaintiff and defendant from traveling internationally with the children. Plaintiff appealed from the order. Defendant did not.

## II.

We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). A Family Part judge's findings are binding so long as his or her determinations are "supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12. We reverse only if there is "'a denial of justice' because the family court's 'conclusions are [] "clearly mistaken" or "wide of the mark."'" Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (alteration in original) (quoting N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008)). "However, when reviewing legal conclusions, our obligation is different; '[t]o the extent that the trial court's decision constitutes a legal determination, we review it de novo.'" Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (alteration in original) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)).

Plaintiff asserts the court violated Rule 1:6-2 and his due process rights by sua sponte banning him from traveling internationally with the children. He notes Rule 1:6-2 requires that an application for relief from a court "other than one made during a trial or hearing, shall be by notice of motion in writing" and that "[e]very motion shall state the time and place when it is to be presented to the court, the grounds upon which it is made[,] and the nature of the relief sought." R. 1:6-2(a). Plaintiff contends defendant did not move to bar his international travel with the children, he was not provided adequate notice that such relief might be considered or granted, and he was denied an opportunity to adequately respond to the court's sua sponte consideration of such relief.

During the hearing, plaintiff noted defendant had not sought a ban on plaintiff's travel in her moving papers, and the court raised the issue sua sponte. He did not claim then, as he does now, the court's sua sponte decision to consider barring him from traveling internationally with the children violated Rule 1:6-2 or his due process rights. He did not argue he was unprepared to address the issue or was prejudiced by the court's decision to raise it. He also did not request a continuance to allow an opportunity to respond to it. We do not address plaintiff's argument that his procedural rights were violated because he raises them for the first time on appeal, and they do not go to the trial court's

11

jurisdiction or involve issues of great public concern. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

In any event, a Family Part judge may properly make sua sponte determinations "to foster the best interests of the child." Beck v. Beck, 86 N.J. 480, 497 (1981). When confronted with disputes concerning custody or parenting time, a court's primary concern is the best interests of the child. See Sacharow v. Sacharow, 177 N.J. 62, 80 (2003); Wilke v. Culp, 196 N.J. Super. 487, 497 (App. Div. 1984). The court must consider "what will 'protect the "safety, happiness, physical, mental[,] and moral welfare of the child."'" Mastropole v. Mastropole, 181 N.J. Super. 130, 136 (App. Div. 1981) (quoting Beck, 86 N.J. at 497).

In Beck, the Court reasoned "[i]t would be incongruous and counterproductive to restrict application of [the best interests] standard to the relief requested by the parties." 86 N.J. at 497. The Court explained although it is desirable that a "trial court giv[e] the parties an opportunity to address any new issues raised by the court," a "sua sponte . . . determination is properly within the discretion of the trial court provided it is supported by the record." Ibid. A court abuses its discretion when its "decision [is] made without a rational explanation, inexplicably depart[s] from established policies, or rest[s]

on an impermissible basis." United States v. Scurry, 193 N.J. 492, 504 (2008) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Defendant not only moved before the court to overturn a long-standing court order barring her from traveling internationally with the children, she also sought modification of the partial judgment, which incorporated the prohibition against her travelling internationally, and the SJOD, which incorporated the partial judgment. To prevail on her motion, defendant had the burden to show the prerequisite changed circumstances. See Lepis v. Lepis, 83 N.J. 139, 157 (1980) (holding "[t]he party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief"). The court clearly determined defendant did not sustain her burden. It denied defendant's request for modification of the SJOD's ban on her international travel with the children, and defendant does not challenge the court's order on appeal.

The court converted defendant's failure to carry her burden into an opportunity to revisit the terms of the parties' agreement reflected in the SJOD. The SJOD was entered on March 20, 2019, only a month before defendant filed her motion for relief from the SJOD's travel ban. The court did not consider that the partial judgment, which was incorporated into the SJOD, not only banned defendant's international travel with the children, it also expressly authorized

A-5559-18T1

plaintiff to travel with the children internationally. Thus, the court's sua sponte decision to impose an international travel ban on plaintiff modified the parties' agreement, as reflected in the SJOD, authorizing plaintiff to travel internationally with the children. In addition, the parties' agreement had been approved by the court; it entered the SJOD.

"New Jersey has long espoused a policy favoring the use of consensual agreements to resolve marital controversies." J.B. v. W.B., 215 N.J. 305, 326 (2013) (quoting Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). Our Supreme Court has explained, "[s]ettlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system." Quinn v. Quinn, 225 N.J. 34, 44 (2016). "[I]t is 'shortsighted and unwise for courts to reject out of hand consensual solutions to vexatious personal matrimonial problems that have been advanced by the parties themselves.' Therefore, 'fair and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed.'" Ibid. (citations omitted). "[A] court should not rewrite a contract or grant a better deal than that for which the parties expressly bargained." Id. at 45.

Courts "maintain[] '[t]he equitable authority' to modify" agreements reached between parties in a matrimonial matter when justified by changed

circumstances.  J.B., 215 N.J. at 326 (second alteration in original) (quoting Conforti v. Guliadis, 128 N.J. 318, 323 (1992)).  "On the other hand, care must be taken not to upset the reasonable expectations of the parties."  Id. at 327. Where, as here, the parties to a matrimonial action reach a "comprehensive negotiated" agreement, any change in the agreement must be supported by a threshold showing of changed circumstances.  Id. at 314, 327.  This principle applies to agreements regarding custody or visitation.  Abouzahr v. Matera-Abousahr, 361 N.J. Super. 135, 153 (App. Div. 2003).

The record before the motion court showed plaintiff traveled with the children internationally on multiple occasions during the years following entry of the July 27, 2015 order banning defendant from such travel and prior to the March 2019 SJOD.  Plaintiff's international travels with the children were without incident.  Defendant does not dispute she was aware of plaintiff's international travels prior to her agreement to the SJOD.  Indeed, in support of her motion for relief from the SJOD's ban on her international travel with the children, she argued in part that plaintiff was allowed to travel internationally with the children.

In March 2019, plaintiff and defendant entered into a comprehensive agreement resolving all the issues in their matrimonial action.  They did so by

A-5559-18T1

consenting to the entry of the SJOD, which incorporated the partial judgment that authorized plaintiff to travel internationally with the children. The court, however, cast aside the parties' agreement without any claim or evidence of changed circumstances otherwise justifying a modification of the SJOD, see J.B. 125 N.J. at 326; Lepis, 83 N.J. at 157, and based solely on a determination international travel for the children was not high on the court's "priority list" and that there was a risk the parties might continue litigation in India. The court did not consider that international travel with plaintiff was high on the parties' priority list and that is why they agreed to allow such travel in the SJOD. The court also did not consider that the parties were fully aware of the risk of future litigation in India when they consented to the SJOD, but they nonetheless agreed plaintiff could continue to travel internationally with the children. Moreover, the court did not have before it any evidence of a change in circumstances related to that risk following entry of the SJOD.

Lacking any evidence the circumstances changed since the parties' entry into the SJOD, the court abused its discretion by not enforcing the parties' agreement and by rewriting the agreement to include a term—a ban on plaintiff's international travel—defendant never requested and to which plaintiff never agreed. See Quinn, 225 N.J. at 45 (explaining "when the intent of the parties is

16

plain and the language is clear and unambiguous, a court must enforce the agreement as written"). We are therefore constrained to reverse the court's order barring plaintiff from international travel authorized by the SJOD.

We are not persuaded by defendant's argument the court's order must be sustained as an exercise of its authority to ensure what is in the best interests of the children. In the first instance, the argument is disingenuous. Defendant now embraces a ban on international travel with the children, but she has consistently agreed plaintiff could travel internationally with the children, and, in her motion which brought this matter before the court, she sought to travel internationally with the children. Her argument a ban on international travel is necessary to ensure the children's safety and well-being therefore rings hollow.

Second, and more importantly, we are not persuaded the record supports the court's apparent finding the children's international travel with plaintiff is not in the children's best interest. The court's finding ignores that plaintiff has traveled internationally with the children for years without the claims of abduction and delay that enveloped defendant's 2014 excursion to India and resulted in the July 27, 2015 order banning her from such travel. The court's finding also ignores that defendant viewed international travel with plaintiff as a worthy endeavor for her children; she consistently agreed to allow it, including

17

in the SJOD entered one month before she filed her motion, even though she was banned from similar travel.

The court's ban on plaintiff's international travel is further founded on a purported risk of future litigation between the parties in India, but the record shows the parties have been involved in litigation for years in India, and plaintiff has traveled internationally with the children during that time without incident. In addition, the fact that the children's international travel is not high on the court's list of priorities does not provide a proper basis to assess what is in the children's best interests. In sum, even if the court could properly modify the parties' agreement reflected in the SJOD without any showing of changed circumstances, the record undermines and otherwise provides no support for the court's best interests analysis of plaintiff's international travel with the children.

Any arguments presented by the parties we have not addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed.[6]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] We reverse that portion of the court's July 8, 2019 order precluding plaintiff from traveling with the children outside the United States. The remaining portions of the order, which were not challenged on appeal, remain in full force and effect.

A-5559-18T1