**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1102-19T2

JEROME CUNNINGHAM,

    Plaintiff-Appellant,

v.

JEANNE MITKOWSKI,
f/k/a JEANNE BRUTMAN,

    Defendant,

and

RICHARD SANVENERO, JR.,
Guardian Ad Litem,

    Respondent.

_____

        Submitted October 28, 2020 – Decided  December 4, 2020

        Before Judges Ostrer and Vernoia.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0283-18.

        Law Office of Steven P. Monaghan, LLC, attorneys for appellant (Kristin S. Pallonetti, on the briefs).

Law Office of Timothy F. McGoughran, LLC, attorneys for respondent (Richard Sanvenero, Jr., on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Jerome Cunningham appeals from a Family Part order directing that he make monthly payments towards his fifty-percent share of fees due and owing to the court-appointed guardian ad litem (GAL) for the child that plaintiff shares with his ex-spouse, defendant Jeanne Mitkowski. Based on our review of the record, we are convinced the court erred by: failing to consider plaintiff's objections to the fees charged by the GAL; failing to consider plaintiff's ability to pay in its determination of the monthly payments it ordered plaintiff pay the GAL; and failing to make findings of fact and conclusions of law supporting its findings of the amount due to the GAL and the amount of plaintiff's monthly payment for his share of the fees due to the GAL. We vacate the court's order and remand for further proceedings.

Plaintiff and defendant married in 2008 and divorced in 2015. They share one child, a son born in 2009. They have had ongoing and contentious post-judgment divorce proceedings in New York and New Jersey that need not be detailed here, other than to note that in May 2018, the court appointed the

GAL for the parties' child pursuant to Rule 5:8B.  The order appointing the GAL required that plaintiff and defendant share equally in the payment of the GAL's fees, which the court ordered be paid at the rate of $240 per hour.

The contentious relationship between the parties and the apparent needs of the child kept the GAL quite busy over the fifteen months following his appointment by the court.  The GAL sent the parties monthly invoices for his services that were, for the most part, not paid, and, as of August 22, 2019, the outstanding sum claimed by the GAL to be due was $64,796.70.

In August 2019, the parties filed cross-motions related to their ongoing disputes over child custody and parenting time issues.  The GAL joined in the motion practice, requesting that the court order plaintiff and defendant to each pay $3,000 per month toward their respective shares of the outstanding amount due for his services.  Defendant resolved the fee dispute with the GAL; she agreed to pay her fifty-percent share of the fees at the rate of $1,500 per month.

Plaintiff opposed the GAL's motion.  He submitted a certification explaining that he had been furloughed from his job and was unsure when he would be reinstated.  He generally described his income, expenses, and financial situation, and provided a case information statement.  He represented

that he could afford to pay only $200 per month during the furlough from his job and $500 per month after he is reinstated. He also requested "fee arbitration" because he took "issue[] with [the GAL's] billing," citing an example of being billed for a brief conversation he had with the GAL when they had a chance encounter in a municipal court.

The GAL submitted a reply certification questioning the accuracy of plaintiff's case information statement and challenging plaintiff's representations about his income, assets, and ability to pay. The GAL acknowledged that the court was "in the best position to . . . evaluate the reasonableness of [his] fees" and that any issues concerning the amount of his fees are "subject to [c]ourt review and decision." He also disputed plaintiff's version of their encounter in the municipal court, explaining he billed for the conversation because he spent "nearly twenty . . . minutes" speaking with plaintiff about "issues [plaintiff] had with . . . parenting time."

The court held a hearing on the GAL's motion. Plaintiff's counsel argued the primary issue was the amount of the monthly payment the GAL requested. Plaintiff's counsel asserted plaintiff "cannot afford to make the same . . . payment that [defendant] is making." Plaintiff's counsel explained plaintiff was furloughed from his job and collecting $450 per week in

4

unemployment benefits, and plaintiff's living expenses were about $4,200 per month. He also asserted defendant owed plaintiff $17,000 in arrears in child support. Counsel argued plaintiff could afford to pay $200 per month toward the GAL's fees, and $500 per month after plaintiff's work furlough ended and plaintiff began receiving his former average paycheck, which netted $1,287 per week.

Plaintiff's counsel also questioned the GAL's request for an order providing for entry of a judgment if plaintiff failed to make timely payments in accordance with whatever payment schedule the court established. Counsel argued plaintiff "has some issues with the [GAL's] billings," and she questioned whether such a judgment could be entered prior to a fee arbitration. In response, the court said plaintiff was "not taking a [GAL] to fee arbitration" because the court had "authorized the amount of the fees." The court further stated it "authorized the hourly rate" and "reviewed [the GAL's] billing, and [it was] certain that for every hour [the GAL] billed, he had to have spent another half hour to an hour of time he didn't bill."

Plaintiff's counsel did not dispute the GAL should be paid or did not earn a fee. Plaintiff's counsel reiterated that plaintiff simply did "not have [the] financial means" to pay more than $200 per month while he collected

5

unemployment while on furlough and $500 per month when he returned to his job. Counsel further represented plaintiff could pay more if defendant paid the substantial sum due to him in child support arrears. Counsel also opined that the court never intended the GAL's bill would be in excess of $60,000 when the GAL was first assigned, and plaintiff sought an order requiring him to pay only what he could reasonably afford.

The GAL questioned plaintiff's claims about his ability to pay. The GAL made arguments about plaintiff's alleged income, assets, property ownership, and spending habits. The GAL also asserted plaintiff's work furlough would last only about six to eight weeks and urged the court to find that plaintiff could afford to pay $1,500 per month toward plaintiff's share of the GAL's outstanding fees.

The court questioned the GAL about the arrangement he reached with defendant for the payment of her share of the fees. The GAL represented that defendant agreed to pay him $1,500 per month toward her one-half share of the outstanding fees.

After hearing argument, the court stated it would "do an order" and "we'll figure it out." The court subsequently issued an order that, in pertinent part, provides that plaintiff and defendant are each responsible for fifty percent

of the GAL's outstanding bill for services. The court determined the amount due from plaintiff was $37,423.33, and directed that plaintiff pay $500 per month during October through December 2019, and $1,500 per month thereafter.[1] The order further provides that if plaintiff fails to make a payment by the twenty-fifth day of any month, the GAL may record the order as a docketed judgment, with interest accruing as of August 23, 2019, and pursue all collection remedies available to judgment creditors. This appeal followed.

Our review of Family Part orders in limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We defer to the Family Part's factual findings "supported by adequate, substantial, credible evidence" in the record. Gnall v. Gnall, 222 N.J. 414, 428 (2015). "However, when reviewing legal conclusions, our obligation is different; '[t]o the extent that the trial court's decision constitutes a legal determination, we review it de novo.'" Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (alteration in original) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)).

---

[1] The GAL claimed $64,796.70 was due from the parties. The court ordered that plaintiff pay fifty percent of the amount due and directed that plaintiff pay $37,423.33, which, we observe, is not fifty percent of $64,796.70. Plaintiff does not argue on appeal that the court erred in calculating his fifty-percent share of the amount the GAL claimed was due, and we do not address or decide the issue. On remand, the court shall determine the total amount due to the GAL and make findings of fact supporting its determination of the amount it finds plaintiff is obligated to pay.

Rule 5:8B(a) provides for the appointment of a GAL "to represent the best interests of the child or children" in a Family Part matter. In making the appointment, the court is required to set the GAL's hourly rate. R. 5:8B(d). The GAL is required to "submit informational monthly statements to the parties," and he or she "shall submit a certification of services at the conclusion of the matter, on notice to the parties, who will thereafter be afforded the right to respond prior to the court fixing the final fee." Ibid.

By providing the parties with a right to respond to a GAL's final certification of services prior to the fixing of a final fee, Rule 5:8B(d) implicitly requires that the court consider a party's objection to the amount of the GAL's certification of services and proposed final fee. Otherwise, affording the parties the "right to respond" to the GAL's certification of services would be meaningless. Thus, a party is entitled to challenge the amount of the GAL's requested fee, and the court is required to consider and determine any issues raised by a party's challenge to the fee claimed. See In re Adoption of a Child by J.D.S., 353 N.J. Super. 378, 403-04 (App. Div. 2002) ("remand[ing] for the trial court to []consider [the] plaintiffs' challenge to the amount of the GAL's fee"); cf. Milne v. Goldenberg, 428 N.J. Super. 184, 207 (App. Div. 2012) (affirming a GAL fee award in part because the court's "final

assessment of the parties' obligation for payment was made following [a] full opportunity to challenge the aspects of the work performed and the fees charged").

Plaintiff challenged the amount of the fee sought by the GAL, or at least attempted to, by arguing the GAL's fee claim should be submitted to fee arbitration and by claiming one billing entry was for time spent while no compensable GAL work was performed. The court correctly rejected plaintiff's request for fee arbitration under our Court Rules, see R. 1:20A-1 to -6, because the rules apply to "fee disputes between clients and attorneys," R. 1:20A-2(a). Although the GAL here is an attorney, he billed exclusively for services provided as a GAL, and "[a] [GAL] is not counsel for any other person—a [GAL] is not a counsel at all." In re Adoption of a Child by E.T., 302 N.J. Super. 533, 542 (App. Div. 1997). As such, his the GAL's fees "are more properly considered to be costs of the proceedings" rather "than counsel fees." Ibid. The fee arbitration procedure for disputes over attorney's fees is not available to plaintiff. The GAL did not provide any services as an attorney; he provided, and billed for, only GAL services.

Plaintiff's attempt to challenge the amount of the GAL's claimed fees ended quickly before the court. Plaintiff challenged the GAL's charge for their

conversation during the chance encounter at the municipal court, but the court summarily declared it would not consider plaintiff's claim. Although the court was presented with conflicting certifications about what occurred, the court stated it "was certain" of the validity and accuracy of each of the GAL's billing entries because the GAL was "thorough, efficient and highly caring and responsible."

In making that finding, the court erred in two ways. First, the court effectively prevented plaintiff from further challenging the accuracy, validity, and reasonableness of the GAL's billing entries. Cf. Milne, 428 N.J. Super. at 207. Second, the court erred by resolving material factual issues without a plenary hearing, K.A.F. v. D.L.M., 437 N.J. Super. 123, 137 (App. Div. 2014), and by making "credibility determinations . . . based on conflicting" certifications, id. at 137-38.

Similarly, the court was presented with conflicting certifications concerning plaintiff's ability to pay the monthly amount the GAL requested. Plaintiff's certification explained his current employment and financial situation, and he also filed a case information statement. The GAL's reply certification challenged the accuracy of plaintiff's representations and included assertions concerning plaintiff's assets, lifestyle, and spending habits. The

record does not reveal how the court resolved the conflicts in the evidence presented, but it was error for the court to do so based on the conflicting versions of the facts presented in the certifications.  Ibid.  It is apparent, however, the court rejected plaintiff's representations that he could not afford to pay the $500 and $1,500 monthly amounts the court ultimately ordered, and the court found more credible the GAL's claims about plaintiff's income, financial status, and ability to pay.  Given the conflicting evidence presented concerning plaintiff's ability to pay the amount requested by the GAL, the court erred by making those credibility determinations without an evidentiary hearing.  Ibid.

In setting the amount of plaintiff's monthly payment for the GAL's fees, the court was required to determine both the reasonableness of the fees charged and plaintiff's ability to pay, see J.D.S., 353 N.J. Super. at 403-04 (remanding for the trial court to consider the amount of the GAL's fee and the plaintiff's ability to pay), and to make findings of fact and conclusions of law supporting its decision, R. 1:7-4.  Where, as here, the court exercises discretion in setting the amount due and the amount of plaintiff's monthly payments, see Milne, 428 N.J. Super. at 207 (noting "the trial judge has 'the power and discretion to fix a retainer in the appointing order and to allocate

final payment of the [GAL] fee between the parties'" (alteration in original) (quoting R. 5:8B)), "we must be provided with adequate reasons for the [court's] determinations" to conduct appropriate appellate review, Gormley v. Gormley, 462 N.J. Super. 433, 449 (App. Div. 2019). A trial court's "omission of critical factual findings, . . . impedes our review" and necessitates a remand. Ibid. (alteration in original) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015)).

Due to the court's omission of any findings of fact supporting its decision, it is not possible to determine if the court considered or relied on defendant's settlement with the GAL in determining plaintiff's monthly payment obligation. Plaintiff correctly notes that during the hearing the court asked the GAL about the settlement with defendant, and plaintiff argues the court clearly relied on defendant's agreement to pay the GAL $1,500 per month in setting plaintiff's post-December 2019 payments in the same amount. We need not speculate on the basis for the court's determination, but we agree with plaintiff that defendant's settlement with the GAL is irrelevant to, and should not be considered in any manner in the determination of, the amount due to the GAL from plaintiff and the amount of plaintiff's monthly payment obligation to the GAL. On remand, the terms of defendant's settlement with

the GAL concerning the amount and monthly payment obligations for his fees shall not be presented to, or considered by, the court in its consideration and determination of the amount plaintiff is required to pay and the amount of plaintiff's monthly payment obligation.

Plaintiff also argues the court erred by ordering entry of a judgment in the amount of any outstanding balance due to the GAL if plaintiff fails to make a payment by the twenty-fifth day of each month. In our view, any order permitting entry of a judgment based on an alleged failure to make a timely payment shall require the filing of a motion for such relief in accordance with the Court Rules, with notice to plaintiff and an opportunity to respond.

In sum, we vacate the court's order and remand for the court to provide plaintiff with an opportunity to challenge the amount of the GAL's billings, and for the court to determine the amount due to the GAL from plaintiff. The court shall also determine the amount of plaintiff's monthly repayment obligation based on plaintiff's ability to pay. Given the passage of time, the court shall permit the parties to amend and supplement their submissions on those issues. The court shall conduct such proceedings as it determines appropriate based on the submissions of the parties. The court shall also make

A-1102-19T2

appropriate findings of fact and conclusions of law supporting its decision. See R. 1:7-4.

Because the judge who decided this matter in the first instance made credibility determinations, we are constrained to direct that the remand be assigned to a different judge. See R.L. v. Voytac, 199 N.J. 285, 306 (2009) (stating that "[b]ecause the trial court previously made credibility findings, we deem it appropriate that the matter be assigned to a different trial court"). Nothing in this opinion shall be construed as a determination of the merits of the GAL's fee request, plaintiff's challenge to any of the claimed fees, or plaintiff's ability to pay any particular monthly amount for the sum determined to be due to the GAL.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1102-19T2